UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

BANKUNITED FINANCIAL
CORPORATION, *et al.*,

          Debtors
_____/

BANKUNITED FINANCIAL
CORPORATION, BANKUNITED
FINANCIAL SERVICES, INC., CRE
AMERICA CORPORATION, and BU
REALTY CORPORATION,

          Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as Receiver
of BankUnited, FSB,

          Defendant.
_____/

Case No. 09-19940-LMI

Chapter 11

Jointly Administered

Adv. No. 10-02872-LMI

**RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE**

**MOTION OF THE FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER OF BANKUNITED, FSB, FOR
THE ENTRY OF AN ORDER, PURSUANT TO 28 U.S.C. § 157(d)
AND BANKRUPTCY RULE 5011(a), WITHDRAWING THE
REFERENCE OF THE ADVERSARY PROCEEDING INVOLVING
CONSIDERATION OF TITLE 12 OF THE UNITED STATES CODE**

    The Federal Deposit Insurance Corporation, as Receiver of BankUnited, FSB (the "FDIC-R"), by and through undersigned counsel, hereby moves, pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a), for the entry of an order by the United States District Court for the Southern District of Florida withdrawing the reference of the above-captioned adversary

NYK 1314806-1.084080.0013

proceeding pending in the United States Bankruptcy Court for the Southern District of Florida, which involves substantial and material consideration of Title 12 of the United States Code. For reasons explained more fully in the attached memorandum of law, which is fully incorporated herein by reference, this Motion should be granted under both the mandatory and permissive withdrawal provisions of 28 U.S.C. § 157(d).

May 24, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel
Sonya L. Levine
Counsel-Legal Division
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive, VS-D-
Arlington, VA  22226
(703) 562-2783
Email: *knorcross@fdic.gov*
Email: *slevine@fdic.gov*

McDERMOTT WILL & EMERY LLP

By: /s/ Bruce Berman
Bruce J. Berman (Fla. Bar # 159280)
201 S. Biscayne Blvd., Suite 2200
Miami, FL 33131-4336
Tel:  305.358.3500 / Fax:  305.347.6500
 - and -
Geoffrey T. Raicht
340 Madison Avenue
New York, New York 10173-1922
Tel:  212.547.5400 / Fax:  212.547.5444

*Counsel for the Federal Deposit Insurance Corporation*

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE

### A. INTRODUCTION

1. The Federal Deposit Insurance Corporation (the "FDIC") is an independent federal agency created by Congress to maintain the stability of and public confidence in the nation's banking system, by, among other things, insuring the deposits of banking institutions and managing the receivership of failed banking institutions. *See* http://www.fdic.gov/about/mission/index.html; *Gunter v. Hutcheson*, 674 F.2d 862, 869-70 (11th Cir. 1982), *cert. denied*, 459 U.S. 826 (1982), *overruled on other grounds, Langley v. FDIC*, 484 U.S. 86 (1987). The FDIC is currently in the process of responding to one of the worst crises in the history of the national banking system. In the last two years, 229 banks failed in the United States: 25 in 2008, 140 in 2009, and already 72 more as of May 14, 2010. By way of contrast, only 27 banks failed during the entire period between October 1, 2000 and January 1, 2008. *See* http://www.fdic.gov/bank/individual/failed/banklist.html. The FDIC serves as insurer and receiver for each and every one of these failed banks.

2. This case involves one of the failed banks, BankUnited, FSB (the "Bank") which was closed by the Office of Thrift Supervision (the "OTS") on May 21, 2009 and the FDIC which was appointed as receiver. On May 22, 2009, the Bank's parent holding company, BankUnited Financial Corp. ("BUFC") and several subsidiaries, BankUnited Financial Services, Inc. ("BUFS") and CRE America Corporation ("CRE") filed for protection under chapter 11 of the Bankruptcy Code.[1] BUFC and its subsidiaries filed claims against the receivership in the administrative process established under Title 12. Thereafter, BUFC and its subsidiaries filed an action in the District Court for the Southern District of Florida (the "BUFC District Court

---

[1] Another subsidiary, BU Realty Corporation ("BU Realty") did not file for bankruptcy protection but is a named Plaintiff in the BUFC Adversary Proceeding and the BUFC District Court Action described below.

Action") seeking allowance of their claims against the receivership and asserting the same claims that they asserted in their proof of claims filed against the receivership, dated August 27, 2009 (the "BUFC Receivership Proof of Claim"). On the same day that BUFC and its subsidiaries commenced the BUFC District Court Action, they also commenced the above captioned adversary proceeding (the "BUFC Adversary Proceeding"), in which they asserted almost all of the same claims alleged in the BUFC District Court Action and the BUFC Receivership Proof of Claim.[2]

3.  The FDIC, as receiver for the Bank, seeks to have the reference withdrawn with respect to the BUFC Adversary Proceeding and asserts that there are grounds to do so under both the mandatory and permissive provisions of section 157(d) of Title 28 of the United States Code. As set forth more fully below, adjudication of the Plaintiffs' claims requires substantial and material consideration of Title 12 of the United States Code. Title 12 provides that the District Court shall have subject matter jurisdiction with respect to adjudication of claims against a receivership, and the Plaintiffs invoked Title 12 by filing the BUFC Receivership Proof of Claim and then subsequently commencing the BUFC District Court Action pursuant to 12 U.S.C. § 1821(d)(6). Moreover, the Bankruptcy Court lacks subject matter jurisdiction over the claims alleged in the BUFC Adversary Proceeding, which mirror the claims set forth in the BUFC District Court Action.[3] Finally, withdrawal of the reference will promote economical use of the parties' resources and judicial economy by litigating in only one forum, and will decrease forum shopping and confusion.

---

[2] The FDIC does not concede that service of the complaints in either the BUFC Adversary Proceeding or the BUFC District Court Action was properly effectuated and reserves all of its rights to object to the service of one or both of the complaints.
[3] The notable exception is the Plaintiffs' objection to the FDIC-R Proofs of Claim against the bankruptcy estates. However, those claims arise, in part, under Title 12 and therefore should be adjudicated by the District Court.

B.   **FACTUAL BACKGROUND**

*Title 12 of the United States Code*

4.   The federal statutory framework pertaining to savings and loan holding companies and savings associations is, for the most part, contained in Title 12 of the United States Code. Both the Bank and its holding company, BUFC, were, at all relevant times, regulated by the OTS, which has broad authority to enforce various provisions of the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811 et seq. ("FDIA"), with regard to the savings and loan holding companies and savings associations it regulates.[4] Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"),[5] the OTS is the primary regulator of savings associations and their holding companies.

5.   In response to the Savings and Loan Crisis of the 1980's and 1990's, Congress passed FIRREA to substantially overhaul the regulation of the nation's banking industry and, in particular, the regulation of savings associations and their holding companies. Among the primary purposes of FIRREA is: to establish the OTS; to "improve the supervision of savings associations by strengthening capital, accounting, and other supervisory standards"; and to "strengthen the enforcement powers of Federal regulators of depository institutions."[6]

6.   To this end, the OTS was given broad regulatory power over "savings associations" like the Bank, including: (a) the power to prescribe minimum capital requirements; (b) the power to require savings associations to achieve and maintain adequate capital, *see* 12 U.S.C. § 1464(t) and 12 C.F.R. § 565.4; (c) the power to perform risk-focused examinations of savings associations, *see* 12 U.S.C. § 1464(d)(6) and 12 C.F.R. § 563.170; and (d) the power to

---

[4] BUFC is a "savings and loan holding company" within the meaning of 12 U.S.C. § 1813(w)(3) and 12 U.S.C. § 1467a. The Bank is a "savings association" within the meaning of 12 U.S.C. § 1813(b) and 12 U.S.C. § 1462(4).
[5] Act Aug. 9, 1989, P.L. 101-73.
[6] Act. Aug. 9, 1989, P.L. 101-73, Title I, § 101, 103 Stat. 187 (setting out the purposes of FIRREA).

correct violations of law, prevent unsafe and unsound practices, and affect compliance with written conditions or agreements through issuance of enforceable cease and desist orders, *see* 12 U.S.C. § 1818(b)(1). In order to effectuate its regulatory power over savings associations, the OTS was also given additional authority to regulate and examine the financial affairs of holding companies of savings associations, like BUFC. *See* 12 U.S.C. § 1464(d)(1)(B)(i) and 12 U.S.C. § 1467a(b)(4).

### *Procedures for Review of Claims Asserted Against Receiverships Under Title 12*

7.      Congress established a comprehensive claims process for any creditor or claimant of a failed bank to file their claims with the FDIC-R. 12 U.S.C. § 1821(d)(3)-(13). Under this administrative process, the FDIC-R first determines the validity and allowability of claims asserted against a receivership. 12 U.S.C. § 1821(d)(3)(A). Before the end of the 180-day period beginning on the date any claim against a depository institution is filed with the FDIC-R, the FDIC-R must determine whether to allow or disallow the claim and must notify the claimant of any determination with respect to such claim. 12 U.S.C. § 1821(d)(5). Before the end of the 60-day period beginning on the earlier of (a) the end of the 180-day period described above or (b) the date of any notice of disallowance of such claim, a claimant may request administrative review of the claim or file suit on such claim in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim). 12 U.S.C. § 1821(d)(6). If the claimant does not take either of these steps "as of the end of such [60-day] period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B). *See Capital Leasing Co. v. FDIC*, 999 F. 2d 188, 192 (7th Cir. 1993) (a creditor must take action on a claim either within 60 days of receiving any notice of disallowance, or

within 60 days after expiration of the 180 day period for consideration of the claim); *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993) ("If the claim is disallowed, or if the 180 days expire without a determination by the FDIC, then the claimant may request further administrative consideration of the claim, or seek judicial review.").

        8. Congress mandated that a claimant must complete the administrative claims process as prescribed by the statute before any court can have subject matter jurisdiction over the claim. Specifically, 12 U.S.C. § 1821(d)(13)(D) provides as follows:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over–
>
>     (i)    any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
>     (ii)    any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). The jurisdictional bar "prohibits any court [other than the two courts referred to in 12 U.S.C. § 1821(d)(6)] from asserting subject matter jurisdiction over any assets, disputed or not, in which the [FDIC], as conservator or receiver of a failed depository institution claims an ownership interest unless and until the claims procedure has been exhausted." *Amsave Credit Corp. v. R.T.C. (In re American Mortgage & Inv. Servs.)*, 141 B.R. 578, 587 (Bankr. D.N.J. 1992).[7]

---

[7] The FDIC reserves its rights to seek summary judgment of dismissal of the BUFC Adversary Proceeding on the grounds that the Bankruptcy Court does not have subject matter jurisdiction to determine the Title 12 claims set forth therein.

### *The Parties' Initial Claims*

**The BUFC Receivership Proof of Claim**

9. On August 27, 2009, the Plaintiffs filed the BUFC Receivership Proof of Claim in the Receivership alleging liquidated and unliquidated claims against the Bank (and, thus, against the FDIC, in its capacity as Receiver for the Bank) in the amount of $414,930,952. A copy of the Receivership BUFC Receivership Proof of Claim is annexed hereto as <u>Exhibit A</u>.

**The FDIC-R's Proofs of Claim**

10. On November 16, 2009, the FDIC-R filed a proof of claim against each of the three Plaintiffs in their respective Chapter 11 cases (the "FDIC-R Proofs of Claim"). Copies of the FDIC-R Proofs of Claim are annexed hereto as <u>Exhibit B</u> (as to BUFC), <u>Exhibit C</u> (as to CRE) and <u>Exhibit D</u> (as to BUFS). The FDIC-R Proofs of Claim were based upon, among other things:

   a.  The FDIC-R's claims and rights, as the statutory successor to the failed Bank, against BUFC stemming from consolidated federal, state and local tax returns, including claims for any refunds resulting from such returns which belong to the FDIC-R and are therefore not property of the Plaintiffs' Chapter 11 estates;

   b.  Capital Maintenance Obligations which are subject to priority under 11 U.S.C. §§ 507(a)(9), 503 and/or 365(o);

   c.  Claims based on the FDIC's rights to avoid and recover direct or indirect transfers of funds and property from the Bank to BUFC and the shareholders or transferees of BUFC which constitute constructive or actual fraudulent transfers, obligations or payments to BUFC which may be entitled to superpriority under 12 U.S.C. § 1821(d)(17)(D);

   d.  Tort based claims relating to breaches of fiduciary duties, negligence and/or gross negligence of the directors and officers of BUFC to the Bank and the liability of BUFC in connection therewith; and

   e.  Insurance proceeds and premium refund claims related to various insurance policies.

### *Plaintiffs' Two, Simultaneously Filed Complaints*

**The BUFC District Court Action**

11.     The Plaintiffs, in accordance with the provisions of 12 U.S.C. § 1821(d)(6), filed the BUFC District Court Action within 60 days after the 180 day review period expired.[8] That is, on April 21, 2010, the Plaintiffs filed a complaint in the District Court. A copy of the Plaintiffs' complaint filed in the BUFC District Court Action is annexed hereto as <u>Exhibit E</u>. In the BUFC District Court Action, the Plaintiffs assert four (4) causes of action:

    a.    A determination that the BUFC Receivership Proof of Claim is allowed based on the FDIC-R's alleged failure to disallow the same and its failure to give notice thereof within 180 days of the filing (the 180-day period having allegedly expired after February 23, 2010);

    b.    A determination under 12 U.S.C. § 1821(d)(6)(A) that each claim in the BUFC Receivership Proof of Claim is valid and proven against the Receivership and that the FDIC-R is obligated to pay the same (subject to, and in accordance with, 12 U.S.C. § 1821(d)(11));

    c.    A demand for an accounting; and

    d.    A demand for a meeting of the Bank's shareholders to elect a successor agent under 12 U.S.C. § 197(a).

12.     The BUFC District Court Action not only seeks allowance of the claims against the Receivership, but also seeks relief that Plaintiffs assert is available to them under Title 12.

**The BUFC Adversary Proceeding**

13.     On or about April 21, 2010, the Plaintiffs commenced the BUFC Adversary Proceeding by filing a complaint with the Bankruptcy Court (the "Adversary Proceeding Complaint"). A copy of the Adversary Proceeding Complaint is annexed hereto as <u>Exhibit F</u>. The BUFC Adversary Proceeding asserts the merits of each of the claims asserted in the BUFC

---

[8] Although the Plaintiffs attempt to make much of the fact that they did not receive a notice of disallowance of their claims, they clearly recognized and complied with the provisions of Title 12 to seek judicial review within the statutory time frame provided by Title 12.

Receivership Proof of Claim filed with the Receiver and in the BUFC District Court Action and also objects to the FDIC-R Proofs of Claim filed against the bankruptcy estates of BUFC and its debtor subsidiaries. The Plaintiffs state in the Adversary Proceeding Complaint that "Plaintiffs are filing suit on the [BUFC Receivership Proof of Claims] pursuant to 12 U.S.C. § 1821(d)(6)(A) in the United States District Court for the Southern District of Florida." Adversary Proceeding Complaint at ¶ 129. As explained above, the Bankruptcy Court lacks jurisdiction over the BUFC Adversary Proceeding because under 12 U.S.C. § 1821(d)(6)(A), only the District Court has subject matter jurisdiction over the allegations made in the Adversary Proceeding Complaint.

14. The chart below summarizes the Plaintiffs' allegations and claims against the FDIC-R and demonstrates their overlapping nature.

| *Cause of Action* | *BUFC Receivership Proof of Claim* | *District Court Complaint* | *Bankruptcy Court Complaint* |
|---|---|---|---|
| Determination that the BUFC Receivership Proof of Claim is allowed due to FDIC-R's failure to disallow or give notice | | X | |
| Determination of the validity of each claim in the BUFC Receivership Proof of Claim | | | |
| Use of Real Property | X | X | X |
| Unpaid Fees and Commissions | X | X | X |
| Enterprise Value of BUFS | X | X | X |
| Intellectual Property Use | X | X | X |
| Customer List Use | X | X | X |
| Guaranties | X | X | X |
| Artwork/Other Personal Property | X | X | X |
| Political Action Committee ("PAC") | X | X | X |
| Employee Benefits | X | X | X |
| Real Personal and Other Proper Taxes | X | X | X |
| Income Tax Refunds | X | X | X |
| Employee, Officer & Director Claims | X | X | X |
| Professional Fee Claims | X | X | X |
| Intercompany Advances | X | X | X |
| Services | X | X | X |

| | | | |
|---|---|---|---|
| Fraudulent Transfers and Preferences | X | X | X |
| Indemnification, Contribution and Reimbursement for Claims Against Debtors' Estates | X | X | X |
| Other Amounts Due | X | X | X |
| Demand for an Accounting | | X | |
| Demand Meeting of BUFSB Shareholders to Elect Successor Agent | | X | |
| Objection to the FDIC-R Proof of Claim | | | X |

C. **ARGUMENT**

*Withdrawal of the BUFC Adversary Proceeding Involving Title 12 of the United States Code Is Mandatory Under 28 U.S.C. § 157(d)*

**The Entirety of the BUFC Adversary Proceeding, By Implicating Title 12, Is Subject to Mandatory Withdrawal**

15. Section 1334(a) of Title 28 of the United States Code provides that "[e]xcept as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Section 1334(b) of Title 28 of the United States Code provides, in relevant part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A district court may refer any or all such cases or proceedings to the bankruptcy judges of the same district. *See* 28 U.S.C. § 157(a). The United States District Court for the Southern District of Florida referred all bankruptcy matters under Title 11 of the United States Code to the bankruptcy judges of this district. *See* S.D. Fla. L.R. 87.2.

16. A district court's power to refer such cases or proceedings is, however, limited by 28 U.S.C. § 157(d), which provides that the District Court:

> *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding *requires consideration of* both title 11 and *other laws of the United States* regulating organizations or activities affecting interstate commerce.

NYK 1314806-1.084080.0013

- 9 -

28 U.S.C. § 157(d) (emphasis added). This section has thus been held to mandate withdrawal of the reference where the resolution of a party's complaint requires "substantial and material consideration" of such "other laws of the United States regulating organizations or activities affecting interstate commerce." *See TPI Int'l Airways v. FAA (In re TPI Int'l Airways)*, 222 B.R. 663, 667 (S.D. Ga. 1998); *American Body Armor & Equip. v. Clark (In re American Body Armor & Equip.)*, 155 B.R. 588, 590 (M.D. Fla. 1993).

17. "The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of statutes outside the Bankruptcy Code." *In re Horizon Air, Inc.*, 156 B.R. 369, 373 (N.D.N.Y. 1993) (*quoting Eastern Airlines, Inc. v. ALPA*, 1990 WL 5203, *5 (S.D.N.Y. Jan. 24, 1990)). Further, "[t]he mandatory withdrawal provision contained in § 157(d) has been interpreted to 'require withdrawal to the district court of cases or issues that would otherwise require a bankruptcy judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.'" *Id.* (*quoting City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991)).[9]

18. Title 12 is a robust regulatory scheme that affects, among others, savings associations and their holding companies. As such, courts have repeatedly held that federal acts within Title 12, such as FIRREA, are exactly, in the language of § 157(d), such "other laws of the United States regulating organizations or activities affecting interstate commerce," the need for consideration of which mandates withdrawal of the reference. *See, e.g., Lubin v. Cincinnati Ins. Co.*, 411 B.R. 801, 804 (N.D. Ga. 2009) (holding that withdrawal of the reference was

---

[9] Such mandatory withdrawal is required regardless of the relative experience of the courts in the relevant subject matter. *See Horizon Air*, 156 B.R. 373 at 374 n.5 ("While the [district] court acknowledges that it has no more experience than [the bankruptcy judge] in interpreting these particular provisions of the Federal Aviation Act, cases construing § 157(d) make clear that when a bankruptcy court is called upon to interpret statutes outside its realm of expertise, the district court is required to remove the reference.").

mandatory where resolution of the proceeding required consideration of FIRREA); *Franklin Sav. Corp. v. Office of Thrift Supervision (In re Franklin Sav. Corp.)*, No. 93-7001, 1994 WL 114652, at *4-5 (Bankr. D. Kan. Jan. 18, 1994) (holding that withdrawal of the reference of three adversary proceedings requiring consideration of FIRREA was mandatory under 12 U.S.C. § 157(d)); *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 150 B.R. 976, 982 (D. Kan. 1993) (holding that withdrawal of the reference was mandatory where resolution of the proceeding required consideration of the Home Owner's Loan Act); *Morris v. Resolution Trust Corp. (In re Mid Am. Entm't Plus, Inc.)*, 135 B.R. 419, 422-23 (D. Kan. 1991) (holding that withdrawal of the reference was mandatory given defense raised by the Resolution Trust Corporation that the bankruptcy court was without jurisdiction by virtue of FIRREA).

19.     Here too, resolution of the BUFC Adversary Proceeding will require substantial and material consideration of "other laws of the United States regulating organizations or activities affecting interstate commerce", to wit, Title 12, thus supporting mandatory withdrawal of the reference. In fact, Plaintiffs make specific reference to claims filed pursuant to 12 U.S.C. § 1821(d)(6)(A) in both the BUFC District Court Action and the BUFC Adversary Proceeding.

20.     In the BUFC District Court Action, after describing each of its alleged claims against the FDIC-R, the Plaintiffs state that they "therefore have filed suit on [their] Proofs of Claim pursuant to 12 U.S.C. § 1821(d)(6)(A)." *BUFC District Court Action Complaint* at ¶ 130. In their second claim in the BUFC District Court Action, the Plaintiffs request a determination by the District Court that "[e]ach claim is a valid and proven claim against the Receivership and the FDIC-Receiver is obligated to pay such Claims (subject to, and in accordance with, 12 U.S.C. § 1821(d)(11))." *Id.* at ¶ 138. Further, in the BUFC Adversary Proceeding, Plaintiffs refer to the BUFC District Court Action and the BUFC Receivership Proof of Claim when they

state "Plaintiffs are filing suit on the [BUFC Receivership Proof of Claims] pursuant to 12 U.S.C. § 1821(d)(6)(A) in the United States District Court for the Southern District of Florida." *BUFC Adversary Proceeding Complaint* at ¶ 129.

21.Congress has explicitly legislated, through the enactment of Title 12, that claims against the FDIC, in its capacity as the receiver for a failed financial institution, may be brought in *only one of two forums*: either the district court where the financial institution had its principal place of business (*i.e.*, in this Court, in the Southern District of Florida); or in the United States District Court for the District of Columbia. *See* 12 U.S.C. § 1821(d)(6). Plaintiffs' invoked Title 12 jurisdiction when they filed the BUFC Receivership Proof of Claim in the administrative review process established in 12 U.S.C. § 1821(d)(13)(D) and sought judicial review within the timeframe provided under Title 12. The filing of the BUFC Adversary Proceeding, which asserts all of the same Title 12 claims asserted in the BUFC Receivership Proof of Claim and the BUFC District Court Action, is not only duplicative of the relief sought in the BUFC District Court Action but also completely disregards the administrative review process established in 12 U.S.C. § 1821(d)(13)(D) for consideration of claims against an FDIC administered receivership and the jurisdictional provisions therein.

22.The reference should also be withdrawn under the mandatory provision of section 157(d) of Title 28 when considering the FDIC-R Proofs of Claim filed against the bankruptcy estates. Substantial consideration of Title 12 or other federal law is necessary for a determination of the following claims which were each asserted in the FDIC Proofs of Claim:

> a.The FDIC-R's claims and rights against BUFC stemming from consolidated federal, state and local tax returns, including claims for the refunds stemming from such returns which belong to the FDIC-R and therefore they are not property of the Plaintiffs' Chapter 11 estates (application of federal, state and local tax laws and the bankruptcy code);

  b.  BUFC's capital maintenance obligation to the Bank (12 U.S.C. §§ 1831o & 1464(s), 12 CFR 225.4);

  c.  avoidance of fraudulent transfers (12 U.S.C. § 1821(d)(2) & (d)(17));

  d.  the Plaintiffs' demand for a meeting of the Bank's shareholders to elect a successor agent under 12 U.S.C. § 197(a); and

  e.  claims against the Plaintiffs' current and former directors and officers (under FIRREA).

Thus, mandatory withdrawal of the reference is equally applicable to the Plaintiffs' objection to the FDIC-R Proofs of Claim.

### *Alternatively, Permissive Withdrawal is Both Appropriate and Desirable*

23. The standard for permissive withdrawal is as follows: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Although the Eleventh Circuit has not specifically addressed what constitutes sufficient cause, it has stated that in making this determination, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of parties' resources, and facilitating the bankruptcy process." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 n. 5 (11th Cir. 1991) (*citing Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985); *Lubin*, 411 B.R. at 804 (same). Other courts utilize these factors as well as other considerations such as: (1) whether the claim is core or non-core, (2) efficient use of judicial resources, (3) a jury demand, and (4) prevention of delay. *See In re TPI Int'l Airways, Inc.*, 222 B.R. at 668 (citations omitted).

24. As noted above, the BUFC Adversary Proceeding primarily involves Title 12 claims against a receivership being administered by the FDIC. To the extent that the BUFC Adversary Proceeding asserts claims that could arguably be considered a "core proceeding" such

claims involve consideration of Title 12 and are largely duplicative of claims raised in the BUFC District Court Action or arise out of the same factual circumstances.[10]

25.  "'Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources,' and therefore have 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *HPF, LLC v. Nu Skin Enters.*, Case No. 99-1505, 1999 U.S. Dist. LEXIS 15200, at *8 (E.D. Pa. Sept. 27, 1999) (citations omitted). When faced with simultaneous parallel litigation in two federal courts, "the general principle is to avoid duplicative litigation." *One*

---

[10]  Section 157(b)(2) of Title 28 of the United States Code enumerates certain proceedings that are considered "core" for purposes of determining bankruptcy court jurisdiction. That section provides as follows:

> (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> (2) Core proceedings include, but are not limited to—
>
>> (A) matters concerning the administration of the estate;
>> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>> (C) counterclaims by the estate against persons filing claims against the estate;
>> (D) orders in respect to obtaining credit;
>> (E) orders to turn over property of the estate;
>> (F) proceedings to determine, avoid, or recover preferences;
>> (G) motions to terminate, annul, or modify the automatic stay;
>> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
>> (I) determinations as to the dischargeability of particular debts;
>> (J) objections to discharges;
>> (K) determinations of the validity, extent, or priority of liens;
>> (L) confirmations of plans;
>> (M) orders approving the use or lease of property, including the use of cash collateral;
>> (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;
>> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
>> (P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

*World Botanicals v. Gulf Coast Nutritionals*, 987 F. Supp. 317, 326 (D.N.J. 1997) (*citing Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). *See also Frisof v. Swift Transp. Co.*, Case No. 07-2331, 2008 U.S. Dist. LEXIS 57771, at *8 (M.D. Pa. July 28, 2008) ("[I]t is a waste of the courts' valuable resources to allow Plaintiff's case to proceed in two different district courts. It makes little sense to continue litigating in both district courts because the first final judgment which is made will likely have preclusive effect on the other court."); *Selph v. Nelson, Reabe & Snyder, Inc.*, 966 F.2d 411, 413 (8th Cir. 1992), *cert. denied*, 506 U.S. 1000 (1992).

26.     Further, withdrawing the reference to permit the District Court to adjudicate the BUFC Adversary Proceeding promotes the efficient use of judicial resources. Judicial economy is promoted where appeal to the district court is an inevitable certainty, and the district court will be required to consider the matters in any event. *See In re Congoleum Corp.*, 414 B.R. 44, 61 (D.N.J. 2009) ("The Court takes this action in the interests of judicial economy and to avoid potential repetitive appeals and piecemeal litigation."). Withdrawal in such circumstances promotes judicial economy, avoids piecemeal litigation and presents a single forum where the issues can be resolved in a just and economical fashion. *See id.* In this case, having commenced the BUFC District Court Action, the Plaintiffs have already invoked the District Court's jurisdiction to determine the allowability of the claims alleged in the BUFC Receivership Proof of Claim. Accordingly, the same claims asserted in the BUFC Adversary Proceeding should clearly be adjudicated by a single forum - the District Court. In addition, the District Court should also determine the FDIC-R Proofs of Claim since it will already be reviewing the Title 12 issues in connection with the BUFC District Court Action and the BUFC Receivership Proof of Claim.

27.     Withdrawing the reference will also serve to limit the delay that will undoubtedly be associated with this case. Given the stakes - to both the FDIC, the Debtors, and their other creditors - and the profound significance of these issues, regardless of the outcome, an appeal is highly likely. Accordingly, the District Court will be required to consider these matters in any event.

28.     The interests of judicial economy are thus best served by the complete withdrawal of reference with respect to the BUFC Adversary Proceeding.

### *Designation of Record*

29.     Pursuant to S.D. Fla. B.R. 5011-1(B)(1), the FDIC hereby designates the following portions of the record in the above-captioned BUFC Adversary Proceeding which it believes will reasonably be necessary or pertinent to the District Court's consideration of the instant motion: Docket Entry Nos. 1-10.

## CONCLUSION

WHEREFORE, the FDIC respectfully requests that the District Court enter an order substantially in the form attached hereto as <u>Exhibit G</u>: (i) withdrawing the BUFC Adversary Proceeding; and (ii) granting any further relief to the FDIC as the District Court deems just and proper.


May 24, 2010

| | |
|---|---|
| Of Counsel: | McDERMOTT WILL & EMERY LLP |
| | |
| Kathryn R. Norcross | By: <u>/s/ Bruce Berman</u> |
| Senior Counsel | Bruce J. Berman (Fla. Bar # 159280) |
| Sonya L. Levine | 201 S. Biscayne Blvd., Suite 2200 |
| Counsel-Legal Division | Miami, FL 33131-4336 |
| Federal Deposit Insurance Corporation | Tel: 305.358.3500 / Fax: 305.347.6500 |
| Legal Division | - and - |
| 3501 Fairfax Drive, VS-D- | Geoffrey T. Raicht |
| Arlington, VA 22226 | 340 Madison Avenue |
| (703) 562-2783 | New York, New York 10173-1922 |
| Email: *knorcross@fdic.gov* | Tel: 212.547.5400 / Fax: 212.547.5444 |
| Email: *slevine@fdic.gov* | |
| | *Counsel for the Federal Deposit Insurance Corporation* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Bruce J. Berman
Bruce J. Berman

### Service List for Adversary Case 10-02872-LMI

### Electronic Mail Notice List

The following is the list of parties who receiving this email:

**Mark D Bloom** on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Scott M. Grossman** on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Sameer K Kapoor**, on behalf of Official Committee of Unsecured Creditors of Debtors
skapoor@kilpatrickstockton.com, tmeyers@kilpatrickstockton.com

### Manual Notice List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

NONE