UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | |
| BANKUNITED FINANCIAL CORPORATION, *et al.*, | Case No. 09-19940-LMI |
| | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |
| BANKUNITED FINANCIAL CORPORATION, BANKUNITED FINANCIAL SERVICES, INC., CRE AMERICA CORPORATION, and BU REALTY CORPORATION, | |
| Plaintiffs, | |
| | Adv. No. 10-02872-LMI |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver of BankUnited, FSB, | |
| Defendant. | |
| _____/ | |

### FEDERAL DEPOSIT INSURANCE CORPORATION'S RESERVATION OF RIGHTS WITH RESPECT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BANKUNITED FINANCIAL CORPORATION AND RELATED DEBTORS' MOTION TO INTERVENE

The Federal Deposit Insurance Corporation, as receiver of BankUnited, FSB (the "FDIC"), by its undersigned counsel, hereby files this reservation of rights (the "Reservation of Rights") with respect to the Official Committee of Unsecured Creditors of BankUnited Financial Corporation and Related Debtors' Motion to Intervene (the "Committee Motion to Intervene"), filed on May 21, 2010. In support of its Reservation of Rights, the FDIC respectfully states as follows:

NYK 1314961-1.084080.0013

**BACKGROUND**

1.  On May 22, 2009, BankUnited Financial Corporation ("BUFC"), BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE") (together, as debtors and debtors in possession, the "Debtors"), each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

2.  The Debtors continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been sought or appointed in these cases. The Official Committee of Unsecured Creditors (the "Committee") was appointed on May 29, 2009.

3.  BUFC is a former unitary savings and loan holding company of BankUnited, FSB (the "Bank") that is incorporated in the State of Florida and headquartered in Coral Gables, Florida. BUFC is also the 100% owner of (i) CRE, which holds a timeshare interest in certain real property, and (ii) BUFS, which was organized in 1997 for the purpose of selling annuities, mutual funds and other insurance and securities products.

4.  Following several unsuccessful attempts to raise the Bank's capital levels in accordance with the Office of Thrift Supervision ("OTS") mandates, on May 21, 2009, the OTS closed the Bank and appointed the FDIC as receiver for the Bank. The FDIC entered into a Purchase and Assumption Agreement with a group of investors who invested in a new depository institution, BankUnited, a *de novo* federal savings association organized under the laws of the United States and having its principal place of business in Coral Gables, Florida, for the purchase of the Bank.

5.  On April 21, 2010, the Debtors instituted this adversary proceeding (the "BUFC Adversary Proceeding") by filing a complaint in the Bankruptcy Court.

6. On April 21, 2010, the Debtors also filed a complaint in the United States District Court for the Southern District of Florida (the "District Court").

7. On May 24, 2010, the FDIC filed its Motion to Withdraw the Reference With Respect to BUFC Adversary Proceeding No. 10-02872 pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011 (the "Motion to Withdraw the Reference"). In the Motion to Withdraw the Reference, the FDIC argued that (i) mandatory withdrawal was necessary because the resolution of the BUFC Adversary Proceeding will involve "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce", specifically, substantial and material consideration of Title 12 of the United States Code and (ii) permissive withdrawal was warranted because the Debtors' claims in the BUFC Adversary Proceeding involve non-bankruptcy issues relating to Title 12 of the United States Code. 28 U.S.C. § 157(d).

8. On May 25, 2010, the FDIC filed the Motion Pursuant to Fed. R. Bankr. P. 5011(c) to Stay Adversary Proceeding Pending Ruling on Motion to Withdraw the Reference With Respect to Adversary Proceeding No. 10-02872 (the "Motion to Stay") pursuant to which the FDIC seeks a stay of the BUFC Adversary Proceeding until the District Court rules on the Motion to Withdraw the Reference.

## RESERVATION OF RIGHTS

9. Pursuant to the Committee Motion to Intervene, the Committee is seeking entry of an order by the Bankruptcy Court allowing the Committee to intervene in the BUFC Adversary Proceeding.

10. Because the FDIC has filed the Motion to Withdraw the Reference and the Motion to Stay, the adjudication of the Committee Motion to Intervene must be delayed until the District Court rules on the Motion to Withdraw the Reference.

11.     Until the District Court rules on the Motion to Withdraw the Reference, it would be wasteful for all parties involved to expend efforts and resources in connection with the Committee Motion to Intervene.  Therefore, to preserve the parties' resources and for judicial economy, the adjudication of the Committee Motion to Intervene should be postponed until the District Court rules on the Motion to Withdraw the Reference.

12.     While, by this Reservation of Rights, the FDIC seeks to postpone any adjudication on the Committee Motion to Intervene until the District Court rules on the Motion to Withdraw the Reference, the FDIC further reserves all its rights to object and oppose the relief sought in the Committee Motion to Intervene before the Bankruptcy Court or the District Court, as applicable, and does not hereby concede that such relief is warranted or appropriate in any way.

## CONCLUSION

WHEREFORE, the FDIC respectfully requests that this Court acknowledge this Reservation of Rights and grant any relief to which the FDIC may be justly entitled.

May 27, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel
Sonya L. Levine
Counsel-Legal Division
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive, VS-D-
Arlington, VA  22226
(703) 562-2783
Email: *knorcross@fdic.gov*
Email: *slevine@fdic.gov*

McDERMOTT WILL & EMERY LLP

By:  /s/ Bruce Berman
Bruce J. Berman (Fla. Bar # 159280)
201 S. Biscayne Blvd., Suite 2200
Miami, FL 33131-4336
Tel:  305.358.3500 / Fax:  305.347.6500
   - and -
Geoffrey T. Raicht
340 Madison Avenue
New York, New York 10173-1922
Tel:  212.547.5400 / Fax:  212.547.5444

*Counsel for the Federal Deposit Insurance Corporation*

## CERTIFICATE OF SERVICE

       I hereby certify that on May 27, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              By: /s/ Bruce J. Berman
                                    Bruce J. Berman

### Service List for Adversary Case 10-02872-LMI

### Electronic Mail Notice List

The following is the list of parties who receiving this email:

**Mark D Bloom** on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Scott M. Grossman** on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Sameer K Kapoor**, on behalf of Official Committee of Unsecured Creditors of Debtors
skapoor@kilpatrickstockton.com, tmeyers@kilpatrickstockton.com

### Manual Notice List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

NONE