UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

BankUnited Financial Corporation, *et al.*,

    Debtors.

_____/

BANKUNITED FINANCIAL
CORPORATION, BANKUNITED
FINANCIAL SERVICES, INC., CRE
AMERICA CORPORATION, and BU
REALTY CORPORATION,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as Receiver
of BankUnited, FSB,

    Defendant.

_____/

Case No. 09-19940-LMI

Chapter 11

Jointly Administered

Adv. No. 10-02872-LMI

## DEFENDANT'S ANSWER TO
## PLAINTIFFS' AMENDED COMPLAINT

Defendant Federal Deposit Insurance Corporation, in its capacity as Receiver of BankUnited, FSB ("FDIC-R"), through its attorneys McDermott Will & Emery LLP, hereby answers the amended complaint of the Plaintiffs, BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation, and BU Realty Corporation (collectively, "Plaintiffs") as follows:

## NATURE OF ACTION

1.      FDIC-R admits that this purports to be a proceeding as characterized in the allegations in paragraph 1 of Plaintiffs' amended complaint, but denies that this Court has subject matter jurisdiction to determine the claims presented and denies that Plaintiffs are entitled to any of the relief sought therein.

## PARTIES

2.      FDIC-R admits the allegations in paragraph 2 of Plaintiffs' amended complaint.

3.      FDIC-R admits the allegations in paragraph 3 of Plaintiffs' amended complaint.

4.      FDIC-R admits the allegations in paragraph 4 of Plaintiffs' amended complaint.

5.      FDIC-R admits the allegations in paragraph 5 of Plaintiffs' amended complaint.

## JURISDICTION AND VENUE

6.      FDIC-R denies the allegations in paragraph 6 of Plaintiffs' amended complaint.

7.      FDIC-R denies the allegations in paragraph 7 of Plaintiffs' amended complaint.

8.      FDIC-R denies the allegations in paragraph 8 of Plaintiffs' amended complaint.

9.      FDIC-R denies the allegations in paragraph 9 of Plaintiffs' amended complaint.

10.      FDIC-R admits the allegations in paragraph 10 of Plaintiffs' amended complaint, except denies any waiver of FDIC-R's right to determination of the issues presented in this action in the appropriate U.S. district court.

## BACKGROUND

11.      FDIC-R admits the allegations in paragraph 11 of Plaintiffs' amended complaint.

12.      FDIC-R admits that it entered into a Purchase and Assumption Agreement, and refers thereto for its terms.  All remaining allegations in paragraph 12 of Plaintiffs' amended complaint are denied.

13.     FDIC-R admits the allegations in paragraph 13 of Plaintiffs' amended complaint.

14.     Paragraph 14 of Plaintiffs' amended complaint asserts a principle of law, and as such, no response is required.

## THE FDIC-RECEIVER'S PROOFS OF CLAIM

15.     FDIC-R admits the filing of separate proofs of claim and separate amended proofs of claim on the dates alleged, and refers thereto for their content.  The allegations in paragraph 15 of Plaintiffs' amended complaint are otherwise denied.

16.     FDIC-R denies the allegations in paragraph 16 of Plaintiffs' amended complaint and refers to the amended proofs of claim for their content.

17.     FDIC-R admits the allegations in paragraph 17 of Plaintiffs' amended complaint and refers to the amended proofs of claim for their content.

18.     FDIC-R admits the allegations in paragraph 18 of Plaintiffs' amended complaint and refers to the amended proofs of claim for their content.

## THE TAX SHARING AGREEMENT

19.     FDIC-R admits the allegations in paragraph 19 of Plaintiffs' amended complaint and refers to the Tax Sharing Agreement for its terms.

20.     FDIC-R admits the allegations in paragraph 20 of Plaintiffs' amended complaint and refers to the Tax Sharing Agreement for its terms.

## THE TAX ESCROW STIPULATION

21.     FDIC-R admits the allegations in paragraph 21 of Plaintiffs' amended complaint, but denies any inference therefrom as to the accuracy of such consolidated tax returns, denies that the consolidated tax return for the fiscal year ended September 30, 2009 was authorized to

be filed, and expressly avers that it was filed unlawfully, without the required signature of FDIC-R on behalf of the former BankUnited FSB.

22.    FDIC-R admits the allegations in paragraph 22 of Plaintiffs' amended complaint but denies any inference therefrom as to the accuracy of such consolidated tax returns and denies that the consolidated tax return for the fiscal year ended September 30, 2009 was authorized to be filed, as it was filed without the required signature of FDIC-R on behalf of the former BankUnited FSB.

23.    FDIC-R admits the allegations in paragraph 23 of Plaintiffs' amended complaint.

24.    FDIC-R admits the allegations in paragraph 24 of Plaintiffs' amended complaint.

25.    FDIC-R admits the allegations in paragraph 25 of Plaintiffs' amended complaint.

26.    FDIC-R admits the allegations in paragraph 26 of Plaintiffs' amended complaint, as to the nature of Debtors' assertions, except affirmatively alleges that the Debtors' assertions are incorrect.

27.    FDIC-R admits the allegations in paragraph 27 of Plaintiffs' amended complaint and refers to the provisions of the Tax Escrow Stipulation for its terms.

28.    While the allegations in paragraph 28 of Plaintiffs' amended complaint are purportedly statements of law, to which no response is required, FDIC-R nonetheless denies the same.

29.    FDIC-R denies the allegations in paragraph 29 of Plaintiffs' amended complaint, and affirmatively alleges that all tax refunds received directly by BUFC are the property of the FDIC-R, and are therefore received by BUFC, prior to deposit per the Tax Escrow Stipulation, in trust for the FDIC-R.

## THE RECEIVERSHIP PROOF OF CLAIMS

30.    FDIC-R admits the allegations in paragraph 30 of Plaintiffs' amended complaint and refers to the Receivership Proof of Claims for its content.

31.    FDIC-R admits that Plaintiffs purported to reserve certain rights and/or supplement the Receivership Proof of Claims and purport to reserve asserted rights with respect to this amended complaint, but otherwise denies the allegations in paragraph 31 of Plaintiffs' amended complaint and refers to the Receivership Proof of Claims for its content.

32.    FDIC-R denies the allegations in paragraph 32 of Plaintiffs' amended complaint and affirmatively alleges that all Plaintiffs' Claims are unsecured.

33.    FDIC-R denies the allegations in paragraph 33 of Plaintiffs' amended complaint.

34.    FDIC-R admits that paragraph 34 of Plaintiffs' amended complaint purports to characterize the allegations which follow it, in paragraphs 35 through 124, as "Claims" included in Debtors' Receivership Proof of Claims, and responds to those paragraphs, individually, below. FDIC-R denies, however, that all of those claims were so included, denies that "Intentionally omitted" claims were omitted from the Receivership Proof of Claims, and refers to the Receivership Proof of Claims for its content.  Further FDIC-R denies that any of the claims asserted in the Receivership Proof of Claims have any merit.  FDIC-R refers specifically to the Order of the U.S. District Court for the Southern District of Florida, granting withdrawal of the reference to adjudicate – and dismissing – the Plaintiffs' claim based upon the assertion that their Receivership Proof of Claims was allowed for failure of the FDIC-R to issue a formal, written disallowance.  No appeal was filed from that dismissal.

### A.    Use of Real Property

35.    No response is required, because no facts are alleged in paragraph 35 of Plaintiffs' amended complaint.

36.    No response is required, because no facts are alleged in paragraph 36 of Plaintiffs' amended complaint.

37.    No response is required, because no facts are alleged in paragraph 37 of Plaintiffs' amended complaint.

### B.    Unpaid Fees and Commissions

38.    FDIC-R admits that the allegations in paragraph 38 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

39.    FDIC-R admits that the allegations in paragraph 39 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

### C.    Enterprise Value of BUFS

40.    No response is required, because no facts are alleged in paragraph 40 of Plaintiffs' amended complaint.

### D.    Intellectual Property Use

41.    No response is required, because no facts are alleged in paragraph 41 of Plaintiffs' amended complaint.

42.     No response is required, because no facts are alleged in paragraph 42 of Plaintiffs' amended complaint.

43.     No response is required, because no facts are alleged in paragraph 43 of Plaintiffs' amended complaint.

### E.     Customer List Use

44.     FDIC-R admits that the allegations in paragraph 44 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

45.     FDIC-R admits that the allegations in paragraph 45 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

46.     FDIC-R admits that the allegations in paragraph 46 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

### F.     Guaranties

47.     FDIC-R admits that the allegations in paragraph 47 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

48.    FDIC-R admits that the allegations in paragraph 48 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

49.    FDIC-R admits that the allegations in paragraph 49 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

**G.    Artwork and Other Personal Property**

50.    FDIC-R admits that the allegations in paragraph 50 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, FDIC-R denies knowledge or information sufficient to form a belief as to the truth thereof, and therefore denies the same.

51.    FDIC-R admits that the allegations in paragraph 51 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

52.    FDIC-R admits that the allegations in paragraph 52 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

**H.      PAC**

53.      FDIC-R admits that the allegations in paragraph 53 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

54.      FDIC-R admits that the allegations in paragraph 54 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

55.      FDIC-R admits that the allegations in paragraph 55 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

**I.      Employee Benefits**

56.      FDIC-R admits that the allegations in paragraph 56 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

57.      FDIC-R admits that the allegations in paragraph 57 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

58.    FDIC-R admits that the allegations in paragraph 58 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

**J.    Real, Personal and Other Property Taxes**

59.    No response is required, because no facts are alleged in paragraph 59 of Plaintiffs' amended complaint.

60.    No response is required, because no facts are alleged in paragraph 60 of Plaintiffs' amended complaint.

**K.    Income Tax Refunds**

61.    FDIC-R admits that the allegations in paragraph 61 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied, except that FDIC-R admits that BUFSB entered into the Tax Sharing Agreement and refers thereto for its terms.

62.    FDIC-R admits that the allegations in paragraph 62 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied. FDIC-R refers to the Tax Sharing Agreement for its terms.

63.    FDIC-R admits that the allegations in paragraph 63 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.  FDIC-R refers to the Tax Sharing Agreement for its terms.

64.    FDIC-R admits that the allegations in paragraph 64 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

65.    FDIC-R admits that the allegations in paragraph 65 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

**L.    Employee, Officer, and Director Claims**

66.    No response is required, because no facts are alleged in paragraph 66 of Plaintiffs' amended complaint.

67.    No response is required, because no facts are alleged in paragraph 67 of Plaintiffs' amended complaint.

**M.    Professional Fee Claims**

68.    FDIC-R admits that the allegations in paragraph 68 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

**N.    Intercompany Advances**

69.    FDIC-R admits that the allegations in paragraph 69 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

70.     FDIC-R admits that the allegations in paragraph 70 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

71.     FDIC-R admits that the allegations in paragraph 71 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

72.     FDIC-R admits that the allegations in paragraph 72 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

73.     FDIC-R admits that the allegations in paragraph 73 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

74.     FDIC-R admits that the allegations in paragraph 74 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

**O.     Services**

75.     No response is required, because no facts are alleged in paragraph 75 of Plaintiffs' amended complaint.

76.    No response is required, because no facts are alleged in paragraph 76 of Plaintiffs' amended complaint.

**P.    Fraudulent Transfers and Preferences**

77.    FDIC-R admits that the allegations in paragraph 77 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, FDIC-R denies knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

78.    FDIC-R admits that the allegations in paragraph 78 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are admitted.

79.    FDIC-R admits that the allegations in paragraph 79 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are admitted.

80.    FDIC-R admits that the allegations in paragraph 80 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are admitted.

81.    FDIC-R admits that the allegations in paragraph 81 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their

repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

82.    FDIC-R admits that the allegations in paragraph 82 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

### (1)    The 548 Transfers

83.    FDIC-R admits that the allegations in paragraph 83 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

84.    FDIC-R admits that the allegations in paragraph 84 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

85.    FDIC-R admits that the allegations in paragraph 85 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

86.    FDIC-R admits that the allegations in paragraph 86 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

87.    FDIC-R admits that the allegations in paragraph 87 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

88.    FDIC-R admits that the allegations in paragraph 88 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

89.    FDIC-R admits that the allegations in paragraph 89 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

90.    No response is required, because no facts are alleged in paragraph 90 of Plaintiffs' amended complaint.

91.    FDIC-R admits that the allegations in paragraph 91 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

### (2)    The 544 Transfers

92.    FDIC-R admits that the allegations in paragraph 92 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

93.    FDIC-R admits that the allegations in paragraph 93 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

94.    FDIC-R admits that the allegations in paragraph 94 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

95.    FDIC-R admits that the allegations in paragraph 95 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

96.    FDIC-R admits that the allegations in paragraph 96 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

97.    FDIC-R admits that the allegations in paragraph 97 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

98.    FDIC-R admits that the allegations in paragraph 98 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their

repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

99.     No response is required, because no facts are alleged in paragraph 99 of Plaintiffs' amended complaint.

100.    FDIC-R admits that the allegations in paragraph 100 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

101.    FDIC-R admits that the allegations in paragraph 101 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

### (3)    The 547 Transfers

102.    FDIC-R admits that the allegations in paragraph 102 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

103.    FDIC-R admits that the allegations in paragraph 103 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

104.    FDIC-R admits that the allegations in paragraph 104 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their

repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, FDIC-R admits that on May 21, 2009, the OTS closed BUFSB and appointed FDIC as its receiver and that it entered into a Purchase and Assumption Agreement, and refers thereto for its terms.  All remaining allegations in paragraph 104 of Plaintiffs' amended complaint are denied.

105.    FDIC-R admits that the allegations in paragraph 105 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations require no response because paragraph 105 of Plaintiffs' amended complaint asserts a principles of law.

106.    FDIC-R admits that the allegations in paragraph 106 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations require no response because paragraph 106 of Plaintiffs' amended complaint asserts principles of law.

107.    FDIC-R admits that the allegations in paragraph 107 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations require no response because paragraph 107 of Plaintiffs' amended complaint asserts principles of law.

108.    FDIC-R admits that the allegations in paragraph 108 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this

pleading, the allegations require no response because paragraph 108 of Plaintiffs' amended complaint asserts a principle of law.

109.    FDIC-R admits that the allegations in paragraph 109 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

110.    FDIC-R admits that the allegations in paragraph 110 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

111.    FDIC-R admits that the allegations in paragraph 111 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

112.    FDIC-R admits that the allegations in paragraph 112 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

113.    FDIC-R admits that the allegations in paragraph 113 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.   To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

114.    FDIC-R admits that the allegations in paragraph 114 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

115.    FDIC-R admits that the allegations in paragraph 115 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

116.    FDIC-R admits that the allegations in paragraph 116 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

117.    FDIC-R admits that the allegations in paragraph 117 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, FDIC-R lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 117 of Plaintiffs' amended complaint and therefore denies all allegations.

118.    FDIC-R admits that the allegations in paragraph 118 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.    To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

119.    FDIC-R admits that the allegations in paragraph 119 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

120.    FDIC-R admits that the allegations in paragraph 120 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied.

### Q.    Indemnification, Contribution and Reimbursement

121.    FDIC-R admits that the allegations in paragraph 121 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, FDIC-R lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 121 of Plaintiffs' amended complaint and therefore denies all allegations.

122.    FDIC-R admits that the allegations in paragraph 122(a) through (d) of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their repetition herein is intended as an allegation of the truth of such allegations for purposes of this pleading, FDIC-R lacks knowledge or information sufficient to form a belief regarding the allegations in paragraphs 122(a) through (d) of Plaintiffs' amended complaint and therefore denies all allegations.

### R.    Other Amounts Due

123.    No response is required, because no facts are alleged in paragraph 123 of Plaintiffs' amended complaint.

**S.    Administrative Claims**

124.    FDIC-R denies that the allegations in paragraph 124 of Plaintiffs' amended complaint were included in Plaintiffs' Receivership Proof of Claims.  To the extent their insertion herein is intended as an allegation of the truth of such allegations for purposes of this pleading, the allegations are denied. Further, FDIC-R affirmatively alleges that because the allegations in paragraph 124 of Plaintiffs' amended complaint were not asserted in Plaintiffs' Receivership Proof of Claims, those allegations cannot be made herein.

**THE FDIC-RECEIVER'S FAILURE**
**TO DISALLOW PLAINTIFFS' RECEIVERSHIP PROOF OF CLAIMS**

125.    FDIC-R admits the allegations in paragraph 125 of Plaintiffs' amended complaint and affirmatively alleges that it is improperly asserted herein.

126.    Paragraph 126 of Plaintiffs' amended complaint asserts a principle of law, to which no response is required and affirmatively alleges that it is improperly asserted herein.

127.    FDIC-R denies the allegations in paragraph 127 of Plaintiffs' amended complaint, and affirmatively alleges that it is improperly asserted herein.

128.    Paragraph 128 of Plaintiffs' amended complaint asserts a principle of law, to which no response is required and affirmatively alleges that it is improperly asserted herein.

129.    FDIC-R admits the allegations in paragraph 129 of Plaintiffs' amended complaint but denies that this Court has subject matter jurisdiction to determine the claims presented and affirmatively alleges that the District Court also ruled that the FDIC-R's "failure to disallow a claim within the 180-day period prescribed by statute does not effect an allowance of the claim." Order at 9.

## CONDITIONS PRECEDENT

130.    FDIC-R denies the allegations in paragraph 130 of Plaintiffs' amended complaint.

## CLAIMS FOR RELIEF

### Count I
### Objection to FDIC Proof of Claim pursuant
### to Federal Rule of Bankruptcy Procedure 3007

131.    FDIC-R, in response to paragraph 131 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-29 and 130 above in their entirety.

132.    FDIC-R admits that paragraph 132 of Plaintiffs' amended complaint purports to constitute an objection to the FDIC-R's amended proofs of claim, but denies that such objection has any merit.

133.    FDIC-R denies the allegations in paragraph 133 of Plaintiffs' amended complaint.

134.    FDIC-R denies the allegations in paragraph 134 of Plaintiffs' amended complaint.

135.    FDIC-R admits the allegations in paragraph 135 of Plaintiffs' amended complaint but avers that no such attachment is necessary.

136.    FDIC-R denies the allegations in paragraph 136 of Plaintiffs' amended complaint.

137.    FDIC-R denies the allegations in paragraph 137 of Plaintiffs' amended complaint.

138.    FDIC-R denies the allegations in paragraph 138 of Plaintiffs' amended complaint.

139.    No response is required, because no facts are alleged in paragraph 139 of Plaintiffs' amended complaint.

140.    No response is required, because no facts are alleged in paragraph 140 of Plaintiffs' amended complaint.

141.    FDIC-R denies the allegations in paragraph 141 of Plaintiffs' amended complaint.

142.    FDIC-R denies the allegations in paragraph 142 of Plaintiffs' amended complaint.

143.    No response is required, because no facts are alleged in paragraph 143 of Plaintiffs' amended complaint.

144.    FDIC-R denies the allegations in paragraph 144 of Plaintiffs' amended complaint.

145.    FDIC-R denies the allegations in paragraph 145 of Plaintiffs' amended complaint.

**Count II**
**Declaratory Judgment pursuant to 28 U.S.C. § 2201 and**
**Federal Rules of Bankruptcy Procedure 7001(2) and (9)**
**that the Refunds are property of BUFC's estate**
**pursuant to Bankruptcy Code Section 541 and that**
**the FDIC-R has merely a general unsecured claim**

146.    FDIC-R, in response to paragraph 146 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-29, 61-65 and 130 above in their entirety.

147.    FDIC-R admits that Plaintiffs purport to seek a declaratory judgment, per the allegations in paragraph 147 of Plaintiffs' amended complaint, but denies that Plaintiffs are entitled thereto.

148.    FDIC-R denies the allegations in paragraph 148 of Plaintiffs' amended complaint and refers to the Tax Sharing Agreement for its terms.

149.    FDIC-R denies the allegations in paragraph 149 of Plaintiffs' amended complaint and refers to the Tax Sharing Agreement for its terms.

150.    FDIC-R denies the allegations in paragraph 150 of Plaintiffs' amended complaint.

151.    FDIC-R denies the allegations in paragraph 151 of Plaintiffs' amended complaint.

### Count III
### Turnover of Personal Property
### pursuant to Bankruptcy Code Section 542

152.    FDIC-R, in response to paragraph 152 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 50-52 and 125-130 above in their entirety.

153.    FDIC-R denies the allegations in paragraph 153 of Plaintiffs' amended complaint.

154.    FDIC-R denies the allegations in paragraph 154 of Plaintiffs' amended complaint.

### Count IV
### Turnover of funds held by PACs
### pursuant to Bankruptcy Code Section 542

155.    FDIC-R, in response to paragraph 155 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 53-55, and 125-130 above in their entirety.

156.    FDIC-R denies the allegations in paragraph 156 of Plaintiffs' amended complaint.

157.    FDIC-R denies the allegations in paragraph 157 of Plaintiffs' amended complaint.

### Count V
### Turnover of funds held in the Plans
### pursuant to Bankruptcy Code Section 542

158.    FDIC-R, in response to paragraph 158 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 56-58, and 125-130 above in their entirety.

159.    FDIC-R denies the allegations in paragraph 159 of Plaintiffs' amended complaint.

160.    FDIC-R denies the allegations in paragraph 160 of Plaintiffs' amended complaint.

### Count VI
### Turnover of unpaid fees and commissions
### pursuant to Bankruptcy Code Section 542

161.    FDIC-R, in response to paragraph 161 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 38-39, and 125-130 above in their entirety.

162.    FDIC-R denies the allegations in paragraph 162 of Plaintiffs' amended complaint.

163.    FDIC-R denies the allegations in paragraph 163 of Plaintiffs' amended complaint.

### Count VII
### Avoidance of preferences
### pursuant to Bankruptcy Code Section 547

164.    FDIC-R, in response to paragraph 164 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 77-82, 102-104, 107, 113-120, and 125-130 above in their entirety.

165.    FDIC-R denies the allegations in paragraph 165 of Plaintiffs' amended complaint.

166.    FDIC-R denies the allegations in paragraph 166 of Plaintiffs' amended complaint.

### Count VIII
### Avoidance of fraudulent transfers
### pursuant to Bankruptcy Code Section 548

167.    FDIC-R, in response to paragraph 167 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 77-91, 101, 104-105, 108-111, 115-120, and 125-130 above in their entirety.

168.    FDIC-R denies the allegations in paragraph 168 of Plaintiffs' amended complaint.

169.    FDIC-R denies the allegations in paragraph 169 of Plaintiffs' amended complaint.

### Count IX
### Avoidance of fraudulent transfers pursuant to Bankruptcy
### Code Section 544 and Florida Statutes Chapter 726

170.    FDIC-R, in response to paragraph 170 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 77-82, 92-101, 104-106, 108-109, 112, 115-120, and 125-130 above in their entirety.

171.    FDIC-R denies the allegations in paragraph 171 of Plaintiffs' amended complaint.

172.    FDIC-R denies the allegations in paragraph 172 of Plaintiffs' amended complaint.

### Count X
### Indemnification, contribution and reimbursement claims

173.    FDIC-R, in response to paragraph 173 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 121-122, and 125-130 above in their entirety.

174.    FDIC-R denies the allegations in paragraph 174 of Plaintiffs' amended complaint.

175.    FDIC-R denies the allegations in paragraph 175 of Plaintiffs' amended complaint.

### Count XI
### Guaranty claims

176.    FDIC-R, in response to paragraph 176 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 47-49, and 125-130 above in their entirety.

177.    FDIC-R denies the allegations in paragraph 177 of Plaintiffs' amended complaint.

178.    FDIC-R denies the allegations in paragraph 178 of Plaintiffs' amended complaint.

### Count XII
### Other amounts due for use of real property

179.    No response is required, because no facts are alleged in paragraph 179 of Plaintiffs' amended complaint.

180.    No response is required, because no facts are alleged in paragraph 180 of Plaintiffs' amended complaint.

181.    No response is required, because no facts are alleged in paragraph 181 of Plaintiffs' amended complaint.

## Count XIII
### Other amounts due for usurping enterprise value of BUFS

182.    No response is required, because no facts are alleged in paragraph 182 of Plaintiffs' amended complaint.

183.    No response is required, because no facts are alleged in paragraph 183 of Plaintiffs' amended complaint.

184.    No response is required, because no facts are alleged in paragraph 184 of Plaintiffs' amended complaint.

## Count XIV
### Other amounts due for intellectual property use

185.    No response is required, because no facts are alleged in paragraph 185 of Plaintiffs' amended complaint.

186.    No response is required, because no facts are alleged in paragraph 186 of Plaintiffs' amended complaint.

187.    No response is required, because no facts are alleged in paragraph 187 of Plaintiffs' amended complaint.

## Count XV
### Other amounts due for customer list use

188.    FDIC-R, in response to paragraph 188 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 44-46, and 125-130 above in their entirety.

189.   FDIC-R denies the allegations in paragraph 189 of Plaintiffs' amended complaint.

190.   FDIC-R denies the allegations in paragraph 190 of Plaintiffs' amended complaint.

## Count XVI
### Other amounts due for real, personal and other property taxes

191.   No response is required, because no facts are alleged in paragraph 191 of Plaintiffs' amended complaint.

192.   No response is required, because no facts are alleged in paragraph 192 of Plaintiffs' amended complaint.

193.   No response is required, because no facts are alleged in paragraph 193 of Plaintiffs' amended complaint.

## Count XVII
### Other amounts due for employee, officer, and directors claims

194.   No response is required, because no facts are alleged in paragraph 194 of Plaintiffs' amended complaint.

195.   No response is required, because no facts are alleged in paragraph 195 of Plaintiffs' amended complaint.

196.   No response is required, because no facts are alleged in paragraph 196 of Plaintiffs' amended complaint.

## Count XVIII
### Other amounts due for professional fee claims

197.   FDIC-R, in response to paragraph 197 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 68, and 125-130 above in their entirety.

198.   FDIC-R denies the allegations in paragraph 198 of Plaintiffs' amended complaint.

199.   FDIC-R denies the allegations in paragraph 199 of Plaintiffs' amended complaint.

### Count XIX
**Other amounts due for intercompany advances**

200.    FDIC-R, in response to paragraph 200 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 69-74, and 125-130 above in their entirety.

201.    FDIC-R denies the allegations in paragraph 201 of Plaintiffs' amended complaint.

### Count XX
**Other amounts due for services**

202.    No response is required, because no facts are alleged in paragraph 202 of Plaintiffs' amended complaint.

203.    No response is required, because no facts are alleged in paragraph 203 of Plaintiffs' amended complaint.

204.    No response is required, because no facts are alleged in paragraph 204 of Plaintiffs' amended complaint.

### Count XXI
**Other amounts due**

205.    No response is required, because no facts are alleged in paragraph 205 of Plaintiffs' amended complaint.

206.    No response is required, because no facts are alleged in paragraph 206 of Plaintiffs' amended complaint.

207.    No response is required, because no facts are alleged in paragraph 207 of Plaintiffs' amended complaint.

## Count XXII
### Administrative Claims

208.    FDIC-R, in response to paragraph 208 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-34, 124, and 125-130 above in their entirety.

209.    FDIC-R denies the allegations in paragraph 209 of Plaintiffs' amended complaint.

210.    FDIC-R denies the allegations in paragraph 210 of Plaintiffs' amended complaint.

## Count XXIII
### Allowance of Plaintiffs' Receivership Proof of Claims

211.    FDIC-R, in response to paragraph 211 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14, 30-130, and 149-210 above in their entirety.

212.    FDIC-R denies the allegations in paragraph 212 of Plaintiffs' amended complaint.

213.    FDIC-R denies the allegations in paragraph 213 of Plaintiffs' amended complaint.

## Count XXIV
### Demand for Accounting

214.    FDIC-R, in response to paragraph 214 of the amended complaint, incorporates by reference its responses to the allegations contained in paragraphs 1-14 and 30-130 above in their entirety.

215.    FDIC-R denies the allegations in paragraph 215 of Plaintiffs' amended complaint.

216.    FDIC-R denies the allegations in paragraph 216 of Plaintiffs' amended complaint.

## AFFIRMATIVE DEFENSES

Defendant FDIC-R asserts the following affirmative defenses to each and every cause of action averred by Plaintiffs, except as otherwise expressly stated below.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction to determine the claims asserted in this action.

### SECOND AFFIRMATIVE DEFENSE

The amended complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The amended complaint is barred by the applicable statute of limitations and the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered damage, Plaintiffs failed to mitigate such damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have waived or should be equitably estopped from asserting claims against its wholly-owned and fully controlled subsidiary bank, BUFSB, which had not been previously asserted.

### SIXTH AFFIRMATIVE DEFENSE

Count XXIII is barred by res judicata.

### SEVENTH AFFIRMATIVE DEFENSE

Count XXIV is barred by statute, under Title 12 of the United States Code.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant FDIC-R requests that the Court dismiss this action with prejudice, allow Defendant FDIC-R's Amended Proofs of Claim, and grant such further relief in favor of Defendant FDIC-R as it deems proper.

Dated: September 16, 2010

Of Counsel:

Kathryn R. Norcross
Senior Counsel
*knorcross@fdic.gov*
Sonya L. Levine
Counsel-Legal Division
*slevine@fdic.gov*
FEDERAL DEPOSIT INSURANCE
CORPORATION
Legal Division
3501 Fairfax Drive, VS-D-
Arlington, VA  22226
(703) 562-2783

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

Bruce J. Berman (Fla. Bar # 159280)
*bberman@mwe.com*
201 S. Biscayne Blvd., Suite 2200
Miami, FL 33131-4336
Tel:  305.358.3500 / Fax:  305.347.6500
- and -
Geoffrey T. Raicht (pro hac vice
*graicht@mwe.com*
340 Madison Avenue
New York, New York 10173-1922
Tel:  212.547.5400 / Fax:  212.547.5444

*Attorneys for Defendant*
*Federal Deposit Insurance Corporation, as Receiver for BankUnited FSB*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2010, I served the foregoing, by electronic and regular mail, upon the following counsel of record:

**Mark D Bloom** on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Scott M. Grossman** on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com,
miaecfbky@gtlaw.com

By:

_____
Bruce J. Berman

NYK 1345750-2.084080.0021