# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

BANK ONE, NA (CHICAGO),

               Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
as RECEIVER & CORPORATE INSURER OF
DEPOSITS OF THE FIRST NATIONAL BANK
OF BLANCHARDVILLE and BLANCHARDVILLE
FINANCIAL SERVICES, INC.,

               Defendants.

MEMORANDUM AND ORDER
04-C-286-S

Plaintiff Bank One, NA (Chicago) obtained judgment against defendant Blanchardville Financial Services, Inc. ("BFS") in the amount of $355,961.29. Pursuant to writ of execution the United States Marshall seized several unendorsed tax refund checks issued by the United States Internal Revenue Service to defendant BFS. Defendant FDIC claims ownership in the checks as receiver for the First National Bank of Blanchardville ("Bank of Blanchardville") and has filed a separate action against BFS, also pending before the Court, to compel transfer of the checks to it. The matter is presently before the Court on plaintiff's motion to require endorsement of the checks and defendant FDIC's motion for an order directing their return to BFS. The following additional facts are undisputed.

## FACTS

Defendant BFS is the parent corporation of The First National Bank of Blanchardville, now in receivership. BFS filed consolidated tax returns for the years 2001 and 2002 for the consolidated tax group consisting of itself and Bank of Blanchardville. Schedules M-1 attached to those returns show that all of the federal income tax liability during those two years was attributable to activities of the Bank of Blanchardville, none of it was attributable to BFS.

On August 24, 2004 Defendant FDIC filed a Corporation Application for Tentative refund as receiver for Bank of Blanchardville. The application sought a refund of taxes paid pursuant to the 2001 and 2002 returns based on a carryback of losses incurred by Bank of Blanchardville in 2003. In response to the application the IRS issued refund checks, payable to FBS, in the total amount of $320,000. These unendorsed checks were seized by the U.S. Marshall pursuant to writ of execution and are in the possession of plaintiff. No agreement exists between BFS and Bank of Blanchardville as to the allocation of tax refunds.

## MEMORANDUM

Plaintiff seeks an order requiring endorsement of the checks on the basis that it is entitled to the proceeds of the checks

under the terms of the Uniform Commercial Code and as a lien creditor in possession of the checks. Defendant FDIC contends that BFS was never the owner of the checks and therefore plaintiff acquired no rights in them as a result of the levy.

Plaintiff has no right to enforce the checks under UCC provisions. Plaintiff argues that it is entitled to enforce the checks as a "holder" pursuant to Wis. Stat. § 403.301. However, "'[h]older', with respect to a negotiable instrument, means the person in possession of a negotiable instrument that is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." Wis. Stat § 401.201(b)(20). The checks at issue here are payable to FBS, not to plaintiff or bearer, and therefore plaintiff is not a holder for purposes of the UCC.

Plaintiff's interest in the checks -- to the extent it has any -- is as a judgment creditor whose lien attaches to personal property of a judgment debtor upon levy. Wis. Stat. § 815.19. The issue before the Court is whether the checks were property of BFS to which the lien could attach.

The issue of ownership of tax refunds for consolidated returns was first addressed in <u>In re Bob Richards Chrysler-Plymouth Corp., Inc.</u>, 473 F.2d 262, 264-65 (9th Cir. 1973). The Court reasoned as follows:

> Absent any differing agreement we feel that a
> tax refund resulting solely from offsetting

3

> losses of one member of a consolidated filing group against the income of that same member in a prior or subsequent year should inure to the benefit of that member. Allowing the parent to keep any refunds arising solely from a subsidiary's losses simply because the parent and subsidiary chose a procedural device to facilitate their income tax reporting unjustly enriches the parent.

Bob Richards held that the parent corporation did not acquire ownership in the refund but acted "as a trustee of a specific trust, and was under a duty to return the tax refund to the estate of the bankrupt." Id. The case has met with virtually uniform approval by courts subsequently addressing the issue. See Capital Bancshares, Inc. v. Federal Deposit Ins. Corp., 957 F.2d 203, 206 (5th Cir. 1992); In re TMCI Electronics 279 B.R. 552, 556-57 (N.D. Cal. 2000)(collecting cases which have adopted Bob Richards analysis).

Accordingly, if the tax refund is attributable solely to the income and loss of Bank of Blanchardville, the refund belongs entirely to the receiver and no ownership interest which could be attached by plaintiff's lien ever vested in FSB. Although plaintiff contends that there is genuine factual dispute concerning the basis for the refund, careful examination reveals no such dispute. The declaration of Wayne Green, a CPA employed by defendant FDIC, includes a copy of the refund application. That application includes the 2001 and 2002 tax returns for which refunds were sought and unequivocally establishes that all tax paid

4

in those years was attributable exclusively to Bank of Blanchardville's income. Green further avers that the 2003 loss which was the basis for the refund was attributable to Bank of Blanchardville. Plaintiff has presented no evidence to suggest that either the income or loss is attributable to BFS.

Accordingly, Defendant BFS was not an owner of the refund checks but was holding them in trust for Bank of Blanchardville, no lien attached to the checks upon levy and plaintiff is entitled to neither endorsement nor possession.

ORDER

IT IS ORDERED that plaintiff's motion to require endorsement of the refund checks is DENIED.

IT IS FURTHER ORDERED that plaintiff return the refund checks to defendant Blanchard Financial Services as trustee for First National Bank of Blanchardville.

Entered this 31st day of March, 2005.

BY THE COURT:

_____
JOHN C. SHABAZ
District Judge