UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

BANKUNITED FINANCIAL
CORPORATION, *et al.*,[1]

    Debtors.
_____/

BANKUNITED FINANCIAL
CORPORATION, BANKUNITED
FINANCIAL SERVICES, INC., CRE
AMERICA CORPORATION, and BU
REALTY CORPORATION,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as Receiver
of BankUnited, FSB,

    Defendant.
_____/

Case No. 09-19940-LMI

Chapter 11

Jointly Administered

Adv. No. 10-02872-LMI

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

    Plaintiffs[2] respond in opposition to the *Defendant's Notice of Supplemental Authority (A) in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Count I of the Complaint and for Summary Judgment on Count II of the Complaint and (B) in Support of its Cross-Motion*

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the *Plaintiffs' Motion for Partial Summary Judgment on Count I of the Complaint and for Summary Judgment on Count II of the Complaint* [D.E. 81] (the "**Plaintiffs' Motion**").

*for Summary Judgment on Counts I and II of the Amended Complaint* [D.E. 111] filed by the FDIC-R as follows:

Although the Plaintiffs have no objection to the FDIC-R's submission of *Lubin v. FDIC*, Civ. No. 1:10-cv-00847-RWS (N.D. Ga. Mar. 2, 2011), as additional authority in respect of tax refund disputes between failed bank receiverships and their holding companies, Plaintiffs offer this brief response to demonstrate that *Lubin* is factually inapposite to this case.

In *Lubin*, the district court found that the plain language of the tax allocation agreement in that case "specifically intends an agency relationship," *id.* at 13, quoting at length from that agreement:

> If the Holding Company receives a tax refund from a taxing authority, these funds are obtained as *agent* of the consolidated group on behalf of the individual members. This allocation agreement as well as other corporate policies should not be intended to consider refunds attributable to the subsidiary banks, which are received by the Holding Company from the taxing authority, as the property of the Holding Company.

*Id.* at 14 (quoting Tax Agreement [DE 13-3] ¶7) (emphasis modified). Thus, the tax allocation agreement in *Lubin* is *unlike any other tax allocation agreement in any of the cases cited by either party because that agreement by its express terms creates an agency relationship between the holding company and the bank.* By contrast, the Tax Allocation Agreement between BUFC and BUFSB does not even contain the word "agent," much less expressly provide that BUFC is to act as BUFSB's agent with respect to the Tax Refunds; rather, as with the agreements in the other cases cited and relied upon by Plaintiffs, the BUFC Tax Allocation Agreement creates a debtor-creditor relationship. Accordingly, *Lubin* is factually distinguishable.

Because of the clear factual difference in the plain terms of the tax allocation agreements in *Lubin* and in this case, the Tax Allocation Agreement may not be read through the lens of the

agreement in *Lubin,* but instead must stand on its own terms.  Analytically, however, it should be noted that *Lubin* applies the same rule of decision continuously advanced by the Plaintiffs here: that the plain meaning of a tax allocation agreement between a holding company and its wholly-owned bank cannot simply be disregarded, but rather determines the rights of the parties thereto to any tax refunds.  Applying this rule to the case at bar, the Tax Allocation Agreement determines that the Tax Refunds are property of the BUFC estate because the plain language of the Tax Allocation Agreement creates a debtor-creditor relationship between BUFC and BUFSB.[3]

Because *Lubin* is distinguishable on its facts it is of limited or no relevance to the issue here: Can the Court disregard the Tax Allocation Agreement and impose an agency relationship that was not specified in, nor bargained for by the parties to, the Tax Allocation Agreement?

Dated:  March 21, 2011.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Counsel for Plaintiffs
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717


By:_____/s/ Mark D. Bloom_____
MARK D. BLOOM
Florida Bar No. 303836
bloomm@gtlaw.com
JACQUELINE BECERRA
Florida Bar No. 0025135
becerraj@gtlaw.com
SCOTT M. GROSSMAN
Florida Bar No. 0176702
grossmansm@gtlaw.com

---

[3] Additionally, *Lubin* begins with the inapposite legal premise that a "presumptive principal-agency relationship" exists, but as the Plaintiffs have shown in their prior briefing, this legal premise does not apply where a tax sharing agreement exists between the bank holding company and the bank.  Plaintiff's Motion at 10-13 and 17-21; Plaintiff's Reply [D.E. 102] at 3-9.

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF who are authorized to receive electronically Notices of Electronic Filing in this adversary proceeding.

/s/ Mark D. Bloom
MARK D. BLOOM

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

- Mark D. Bloom    bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com;reisinoa@gtlaw.com
- John R. Dodd    doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com
- Scott M. Grossman    grossmansm@gtlaw.com, jacksont@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
- Geoffrey T Raicht    graicht@mwe.com, rrodriguez@mwe.com;nhazan@mwe.com;kotero@mwe.com;wjanke@mwe.com;akratenstein@mwe.com;trodriguez@mwe.com

### Manual Notice List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).

None