UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 09-19940-LMI |
| BANKUNITED FINANCIAL CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |
| BANKUNITED FINANCIAL CORPORATION, BANKUNITED FINANCIAL SERVICES, INC., CRE AMERICA CORPORATION, and BU REALTY CORPORATION, | |
| Plaintiffs, | Adv. No. 10-02872-LMI |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver of BankUnited, FSB, | |
| Defendant. | |
| _____/ | |

**PLAINTIFFS' NOTICE REGARDING STATUS OF SETTLEMENT
DISCUSSIONS AND REQUEST FOR REFERRAL TO MEDIATION**

Plaintiffs, BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation, and BU Realty Corporation (collectively, **"Plaintiffs"**), pursuant to paragraph 2 of the Court's March 4, 2011 *Third Agreed Order Extending Certain Pretrial Deadlines* (DE #107), provide notice to the Court as follows:

1.     Over the past several months Plaintiffs and their undersigned counsel have attempted to direct tri-party settlement negotiations involving Defendant, Federal Deposit Insurance Corporation, in its capacity as Receiver of BankUnited, FSB (**"Defendant"**) and the Official Committee of Unsecured Creditors (the **"Committee"**), a non-party to this adversary

proceeding but a party in interest in the underlying Chapter 11 cases, as a means of resolving a substantial number of the claims and defenses in this adversary proceeding and other proceedings and contested matters that are now pending before this or other courts. In recent presentations on the record on February 24 and March 28, 2011, undersigned counsel has advised the Court generally of the status of settlement negotiations without breaching the confidentiality of those negotiations or otherwise violating Federal Rule of Evidence 408, and expressed optimism about the settlement process.

2. During the past two days those negotiations have begun to unwind over differences in substance and approach taken by the Defendant and the Committee. Accordingly, despite the substantial progress made on a multitude of issues and reported to the Court, Plaintiffs are not yet in a position to announce a definitive agreement or file a motion for approval of any settlement under Federal Rule of Bankruptcy Procedure 9019.

3. Notwithstanding this recent setback Plaintiffs remain firmly committed to the settlement process, and accordingly make this unilateral request that the Court direct Plaintiffs and Defendant to mediation before Francis L. Carter, Esq., or such other mediator as may be acceptable to them, and report back to the Court by April 30, 2011. Plaintiffs further request direction from the Court to file a Local Form Notice of Selection of Mediator by April 5, 2011, failing which the Court will select and appoint a mediator on its own motion.

4. In furtherance of the foregoing request, Plaintiffs respectfully annex to this Notice a _proposed_ form of Order of Referral to Mediation, prepared in conformity with Local Rule 9019-2(B)(1) of this Court. The Rule authorizes the Court to "order the assignment of a matter

or proceeding to mediation . . . upon the request of a party in interest . . . ." Bankr. S.D. Fla. L.R. 9019-2(B)(1).[1]

    Dated March 31, 2011.                     Respectfully submitted,

                                                        GREENBERG TRAURIG, P.A.
                                                        Counsel for Plaintiffs
                                                        333 Avenue of the Americas
                                                        Miami, Florida 33131
                                                        Telephone: (305) 579-0500
                                                        Facsimile: (305) 579-0717

                                                        By: /s/ Mark D. Bloom
                                                           MARK D. BLOOM
                                                           Florida Bar No. 303836
                                                          bloomm@gtlaw.com

                                                             - and –

                                                           SCOTT M. GROSSMAN
                                                           Florida Bar No. 0176702
                                                          grossmansm@gtlaw.com
                                                           GREENBERG TRAURIG, P.A.
                                                           401 East Las Olas Blvd., Suite 2000
                                                           Fort Lauderdale, FL 33301
                                                           Telephone: 954-765-0500
                                                           Facsimile: 954-765-1477

---

[1] As that Rule further empowers the Court to direct mediation on "[its] own motion," Plaintiffs respectfully submit that no hearing on the instant request for referral to mediation is required.

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF who are authorized to receive electronically Notices of Electronic Filing in this adversary proceeding, and via email upon counsel for the Committee (TMeyers@kilpatricktownsend.com).

/s/  Mark D. Bloom
MARK D. BLOOM

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this adversary proceeding:

Mark D. Bloom
bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com;reisinoa@gtlaw.com

John R. Dodd
doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

Scott M. Grossman grossmansm@gtlaw.com,
jacksont@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Geoffrey T Raicht graicht@mwe.com,
rrodriguez@mwe.com;nhazan@mwe.com;kotero@mwe.com;wjanke@mwe.com;akratenstein@mwe.com;trodriguez@mwe.com

*MIA 181,803,466v3 3-31-11*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re

BANKUNITED FINANCIAL
CORPORATION, *et al.*

    Debtors.
_____/

BANKUNITED FINANCIAL
CORPORATION, BANKUNITED
FINANCIAL SERVICES, INC., CRE
AMERICA CORPORATION, and BU
REALTY CORPORATION,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as Receiver
of BankUnited, FSB,

    Defendant.
_____/

Case No. 09-19940-LMI
Chapter 11

Jointly Administered

Adv. No. 10-02872-LMI

**[PROPOSED] ORDER OF REFERRAL TO MEDIATION**

Pursuant to Local Rule 9019-2 of this Court, this Adversary Proceeding between Plaintiffs, BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation, and BU Realty Corporation (collectively, **"Plaintiffs"**) and Defendant, the Federal Deposit Insurance Corporation, in its capacity as Receiver of BankUnited, FSB (the **"Defendant"**), is referred to mediation. Accordingly, it is

**ORDERED** as follows:

1. Plaintiffs and Defendant (the **"Parties"**) are required to participate in mediation. The mediation shall be conducted no later than April 30, 2011.

2. Plaintiffs' counsel, or another attorney agreed upon by all counsel of record and any unrepresented Parties, shall be responsible for scheduling the mediation conference. The Parties shall agree upon a mediator within _____ days from the date of this order, and indicate their selection by the timely filing of the Local Form "Notice of Selection of Mediator." If there is no agreement, Plaintiffs' counsel shall promptly notify the Court in writing, and the Court shall designate a mediator from the "List of Certified Mediators" or otherwise as the Court may determine.

3. Upon consultation with the Parties and their attorneys, the mediator shall fix a reasonable time and place for the mediation conference, except as otherwise agreed by the Parties or by order of the Court, and shall give the Parties at least 14 days advance written notice of the conference.

4. The appearance of counsel and each Party or representatives of each Party with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity, as provided in Local Rule 9019-2(C)(3), is mandatory.

5. The mediator shall report to the Court willful failure to attend the mediation conference or to participate in the mediation process in good faith, which failure may result in the imposition of sanctions by the Court.

6. If the Court is required to designate a mediator, the mediator shall be compensated in accordance with the current rate established by the U.S. District Court for the Southern District of Florida and adopted by this Court. The cost of mediation shall be shared equally by the Parties. All payments shall be remitted to the mediator within 30 days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least two full business days in advance. Failure to do so will result in imposition of a fee for one hour.

7. Within seven days after the mediation conference, the mediator shall file the Local Form "Report of Mediator" required by Local Rule 9019-2(E). In the event there is an impasse, the mediator shall report that there is a lack of agreement, with no further comment or recommendation, and the matter will be tried as scheduled.

8. If the Parties have reached an agreement regarding the disposition of the matter or proceeding, they shall prepare and submit to the Court within 14 days after the filing of the "Report of Mediator" an appropriate stipulation of settlement and joint motion for its approval. Failure to file such a motion shall be a basis for the Court to impose appropriate sanctions.

# # #

<u>Submitted by</u>:

Mark D. Bloom, Esq.
GREENBERG TRAURIG, P.A.
Counsel for Plaintiffs
333 Avenue of the Americas
Miami, Florida  33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

*(Attorney Bloom is directed to serve a conformed copy of this Order on all parties entitled to service and to file with the Court a Certificate of Service).*

*MIA 181,803,590v3 3-31-11*