# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

| | |
|---|---|
| In re: | |
| BankUnited Financial Corporation, *et al.,* | |
| Debtors. | Chapter 11 |
| | Case No. 09-19940-LMI |
| BANKUNITED FINANCIAL CORPORATION, BANKUNITED FINANCIAL SERVICES, INC.; CRE AMERICA CORPORATION, and BU REALTY CORPORATION, | (Jointly Administered) |
| | Adv. No. 10-02872-LMI |
| Plaintiffs, | |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver of BankUnited, FSB, | |
| Defendant. | |

### RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PLAINTIFF'S NOTICE REGARDING STATUS OF SETTLEMENT DISCUSSIONS AND REQUEST FOR REFERRAL TO MEDIATION

The official committee of unsecured creditors (the "Committee") for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby responds to the Plaintiff's Notice Regarding Status of Settlement Discussions and Request For Referral to

US2008 2494787.1

Mediation [Adv. No. 116] (the "<u>Notice of Mediation</u>").[1]  In support of this Response, the Committee hereby represents as follows:

### The Response

1. While the Committee agrees with the Plaintiff's[2] description of the settlement discussions between the Plaintiffs, the Committee and the Defendant, the Committee does not fully agree with the Plaintiffs' characterization of the breakdown in settlement discussions between the parties.  In particular, the Plaintiffs described the settlement discussions as having failed as a result of "differences in substance and approach" taken by the Defendant and the Committee.  <u>See</u> Notice at Mediation at 2.

2. In the Committee's view, however, settlement discussions failed as a result of the Defendant's:  (a) unilateral decision to withdraw their own offer that they previously viewed as satisfactory (pending review and approval from decision makers within their organization); and (b) demand that any further settlement discussions must include the settlement of the tax refund ownership dispute (which had not previously been part of the discussions) on terms that were totally unacceptable to the Plaintiff and the Committee.  While the Committee is not certain why the Defendant decided to, in essence, withdraw from settlement discussions,

---

[1] On the date hereof, the Committee was informed by the Debtors that the Court already has directed the Debtors to submit its form of order of referral to mediation to be entered by the Court.  Given the relatively short period of time between the Debtors' filing of the Notice of Mediation on March 31, 2011 and the Court's apparent intent to enter an order, the Committee requests that the Court consider this reply in connection with its entry of any order.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Notice of Mediation.

these actions suggest that settlement with the Defendant is very unpredictable and may, in fact, be impossible. For these reasons, the Committee believes that court-ordered mediation has very little chance for success and will serve only to waste valuable resources of the Debtors' estates and further delay the resolution of this adversary proceeding. The now-failed settlement process already has resulted in as much as a three month delay in this case without producing a settlement. The Committee remains skeptical that mediation will have a different outcome.

    3.  Despite the Committee's view of mediation in this case, the Committee has no objection to mediation at this point. However, given the Committee's role in the underlying bankruptcy case and its importance in the resolution of the claims pending in this adversary proceeding, the Committee believes it is a necessary party to any mediation and should be included. As this Court is aware, the Committee previously sought to intervene in this matter (see [Adv. No. 9]) and later withdrew (without prejudice) its motion to intervene (see [Adv. No. 17]) because, among other things, its interests were aligned with the interests of the Plaintiff.

    4.  Moreover, since that time, the Committee has either participated in, or been consulted on, nearly every aspect of the Plaintiff's case in this adversary proceeding and was an active and vocal participant in the recent settlement discussions.[3] The Committee believes it is imperative that it maintain this active role in any mediation and, for that reason,

---

[3] Importantly, the settlement discussions involved not only the claims asserted in this Adversary Proceeding, but also included discussions to resolve matters pending as contested matters in the main bankruptcy case, including the Defendant's Motion of the Federal Deposit Insurance Corporation For An Order Confirming that the Automatic Stay Does Not Apply to the Exercise of Certain Tax Rights or, in the Alternative, For An Order Granting Relief From the Automatic Stay [ECF No. 574]. Presumably, any mediation would include the same issues and, therefore, would require the Committee's participation.

requests that it be permitted to participate in any mediation. To the extent the Committee is not permitted to participate in the mediation between the Plaintiffs and Defendant, the Committee objects.

Respectfully submitted this 5th day of April, 2011.

        KILPATRICK STOCKTON LLP

        /s/ Todd C. Meyers
        Todd C. Meyers
        Georgia Bar No. 503756
        Robbin S. Rahman
        Georgia Bar No. 592151
        1100 Peachtree Street, Suite 2800
        Atlanta, Georgia 30309
        Telephone: (404) 815-6500
        Facsimile: (404) 815-6555
        tmeyers@kilpatrickstockton.com

        -and-

        Kozyak Tropin & Throckmorton, P.A.

        Corali Lopez-Castro, Esq.
        Florida Bar No. 863830
        2525 Ponce De Leon, 9th Floor
        Miami, Florida 33134
        (305) 372-1800 (Telephone)
        (305) 372-3508 (Facsimile)
        clc@kttlaw.com

        Counsel for the Official Committee of Unsecured Creditors of BankUnited Financial Corporation, et al

US2008 2494787.1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below via transmission of Notices of Electronic Filing generated by CM/ECF who are authorized to receive electronically Notices of Electronic Filing in this adversary proceeding.

          /s/ Todd C. Meyers
            Todd C. Meyers


Mark D. Bloom
Email: bloomm@gtlaw.com

John R. Dodd
Email: doddj@gtlaw.com

Scott M. Grossman
Email: grossmansm@gtlaw.com

Geoffrey T. Raicht
Email: graicht@mwe.com

US2008 2494787.1