UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

BANKUNITED FINANCIAL
CORPORATION, *et al.*,

      Debtors.

_____/

BANKUNITED FINANCIAL
CORPORATION, BANKUNITED
FINANCIAL SERVICES, INC., CRE
AMERICA CORPORATION, and BU
REALTY CORPORATION,

      Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as Receiver
of BankUnited, FSB,

      Defendant.

_____/

Case No. 09-19940-LMI

Chapter 11

Jointly Administered

Adv. No. 10-02872-LMI

**MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION
TO RECONSIDER, AMEND OR MODIFY PURSUANT TO FED. R. CIV. P. 59(e), 60(b)
AND SECTION 105(a) OF THE BANKRUPTCY CODE THE
<u>ORDER OF REFERRAL TO MEDIATION</u>**

The Federal Deposit Insurance Corporation (the "FDIC-R"), as receiver of BankUnited,

FSB, by its undersigned counsel, respectfully submits this motion to reconsider, amend or

modify (the "Motion"), pursuant to Fed. R. Civ. P. 59(e) made applicable by Fed. R. Bank. P.

9023, Fed. R. Civ. P. 60(b) made applicable by Fed. R. Bankr. P. 9024, and Section 105(a) of

title 11 of the United States Code (the "Bankruptcy Code"), the Order of Referral to Mediation

dated April 6, 2011 [Docket No. 118] (the "Mediation Order"), to preclude the official

committee of unsecured creditors (the "Committee") from interfering with the mediation efforts between the FDIC-R and the above-captioned plaintiffs (collectively, "BUFC").

The FDIC-R and BUFC have agreed upon the selection of a mediator and, therefore, do not wish this Motion to delay their formal settlement efforts. Accordingly, the FDIC-R waives its right to a hearing on this Motion and respectfully requests that this Court consider this matter solely on the papers as promptly as possible.

In support of this Motion, the FDIC-R respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      Since the commencement of these Chapter 11 cases, the FDIC-R and the estate (at different times led by BUFC or the Committee) have fought over their respective rights of ownership to various assets, claims and causes of action and, absent a consensual resolution, will continue to engage in prolonged and expensive litigation over those issues (including the amount and priority of the FDIC-R's claims which exceed $1 billion). Over the past several months, the FDIC-R has participated in settlement negotiations with BUFC and the Committee in an effort to resolve as many of these issues as possible. As the Court is aware, these negotiations have reached an impasse and the Court has directed BUFC and the FDIC-R to proceed to mediation and has permitted (but has not directed) the Committee to participate in such mediation. As will be discussed further below, the FDIC-R believes that the best chance for a resolution of a majority of the issues – if not all of them, other than director and officer claims – will be through a mediation proceeding conducted exclusively with BUFC and the FDIC-R.

2.      In response to BUFC's attempt to create a path for resolution by requesting that this Court direct only BUFC and the FDIC-R to proceed to mediation, the Committee chose to publicly disclose its version of the parties' confidential settlement discussions in order to insert

DM_US 28014140-11.084080.0013

itself into the mediation process – interestingly, a process that the Committee believes will be a waste of time.  As this Court knows, there are always two sides to every coin and the FDIC-R does not agree with the Committee's characterization of the reasons for the breakdown of the settlement discussions.  Moreover, by making such a disclosure, the Committee has created an environment that is not conducive to a consensual resolution and may, in fact, become the Committee's self-fulfilling prophecy of failure.[1]  Without making a similar inappropriate disclosure, the FDIC-R believes that the blame for the failure of the parties to reach consensus rests squarely in the lap of the Committee and its tactics.

3.    Due to the Committee's conduct throughout this process, the FDIC-R believes that a settlement has the best chance of success, which will benefit the estate significantly, if the Committee is excluded from the mediation proceedings.  It is important to note that BUFC is the only representative of the estate with respect to the matters that are the subject of this mediation and, thus, the Committee is not a necessary party to these proceedings.  Although the Committee has derivative standing only to pursue certain director and officer claims, those claims are **specifically excluded** from the subject matter of the mediation.

4.    Further, given its hostile and negative attitude regarding the prospect of success of the mediation, it is unclear why the Committee would even want to participate in the mediation and require the estate to pay for its professionals' attendance.  The FDIC-R must also note that the Committee's behavior with respect to the settlement discussions to date may adversely affect the parties' ability to engage in a full and open dialogue with the mediator.

5.    Accordingly, the FDIC-R submits that the best chance for a settlement concerning the issues raised in this adversary proceeding and other issues related to the Chapter 11 cases is

---

[1]  The Committee's apparent disregard for the sanctity of settlement discussions and potential (or actual) violation of Federal Rule of Evidence 408 and various other rules of ethics is troubling.

- 3 -

by proceeding to a mediation between BUFC and the FDIC-R exclusively.  Exclusion of the Committee from direct participation in the mediation will not and is not intended to preclude BUFC from consulting with the Committee.  Further, the Committee retains all its rights to object to any proposed settlement when and if such proposed settlement is submitted to the Court for approval.  However, it is time to let BUFC and the FDIC-R, the estate's largest creditor, attempt to reach consensus without the further interference of the Committee.

## BACKGROUND

6.     On March 31, 2011, BUFC filed its Notice Regarding Status of Settlement Discussions and Request for Referral to Mediation [Docket No. 116].

7.     On April 5, 2011, the Committee filed its Response to Plaintiff's Notice Regarding Status of Settlement Discussions and Request for Referral to Mediation [Docket No. 117] (the "Response").

8.     On April 6, 2011, this Court entered the Mediation Order allowing but not requiring the Committee to participate in the mediation proceedings.  (Mediation Order ¶ 9.)

## RELIEF REQUESTED

9.     By this Motion, the FDIC-R respectfully requests that this Court reconsider, amend or modify the Mediation Order so as to preclude the Committee from participating in the mediation proceedings.

## APPLICABLE LAW

10.     Federal Rule of Civil Procedure 59(e) provides as follows:

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e).

11.     In addition, Federal Rule of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

12.    Finally, Bankruptcy Code Section 105(a) provides, in relevant part:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title….

11 U.S.C. § 105(a).

## ARGUMENT

13.    As courts of equity, bankruptcy courts can "reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." Meyer v. Lenox (In re Lenox), 902 F.2d 737, 739-40 (9th Cir. 1990); see also Maxwell Newspapers, Inc. v. Travelers Indem. Co. (In re Maxwell Newspapers, Inc.), 170 B.R. 549, 550 (S.D.N.Y. 1994); Farmers Nat'l Bank of Osborne v. Mettlen (In re Mettlen), 174 B.R. 822, 826 (D. Kan. 1994); Conn. Nat'l Bank v. Babco, Inc. (In re Babco, Inc.), 133 B.R. 286, 289 (Bankr. D. Conn. 1991).

14.    This Court should reconsider, amend or modify the Mediation Order to the extent requested herein, because (i) no party has reasonably changed its position in reliance thereon, and (ii) excluding the Committee from the mediation proceedings would reduce improper delay, avoid the unnecessary depletion of the estate's resources, and (3) allow BUFC and the FDIC-R, the estate's largest creditor, to attempt to reach consensus without improper interference.

15.     First, while BUFC and the FDIC-R have agreed upon the selection of Francis L. Carter, Esq. as the court-appointed mediator, no other material steps in the mediation have been taken.  Since the Mediation Order did not permit the Committee to participate in the actual selection of the mediator, there has not been any material event that the Committee could point to demonstrate that it has changed its position in reliance on the Mediation Order.

16.     Second, the Committee is not a necessary party to the mediation.  The Committee is not a plaintiff in this adversary proceeding and does not possess derivative standing to prosecute any of the claims that are to be the subject of the mediation.  Moreover, as discussed above, it is unclear why the Committee would want to participate in the mediation given its view that the "settlement may, in fact, be impossible," and that the court-ordered mediation has "very little chance for success."  The Committee's involvement will serve only to waste additional estate resources.  Certainly, the Committee's participation to date has only resulted in delay and actual waste of estate's resources.  Given the Committee's stated position, the estate should not be made to pay for the Committee's professional's attendance, nor split the cost of the mediator three ways if the Committee is involved.

17.     Accordingly, the FDIC-R submits that the best chance for a settlement concerning the issues in this adversary proceeding and other issues related to the Chapter 11 cases is by proceeding to mediation only with BUFC and the FDIC-R.  Thus, this Court should amend and modify the Mediation Order to preclude the Committee from participating in the mediation proceedings.

DM_US 28014140-11.084080.0013

## CONCLUSION

WHEREFORE, the FDIC-R respectfully requests that this Court: (i) amend and modify the Mediation Order to preclude the Committee from participating in the mediation proceedings; and (ii) grant the FDIC-R such other and further relief as is just and proper.

April 11, 2011

Of Counsel:

Kathryn R. Norcross
Senior Counsel
Sonya L. Levine
Counsel-Legal Division
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive, VS-D-
Arlington, VA  22226
(703) 562-2783
Email: *knorcross@fdic.gov*
Email: *slevine@fdic.gov*

McDERMOTT WILL & EMERY LLP

By:  Raquel A. Rodriguez
       Raquel A. Rodriguez (Fla. Bar # 511439)
       *rrodriguez@mwe.com*
       201 S. Biscayne Blvd., Suite 2200
       Miami, FL 33131-4336
       Tel:  305.358.3500 / Fax:  305.347.6500
          - and -
       Geoffrey T. Raicht (*pro hac vice*)
       *graicht@mwe.com*
       340 Madison Avenue
       New York, New York 10173-1922
       Tel:  212.547.5400 / Fax:  212.547.5444

*Counsel for the Federal Deposit Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Geoffrey T. Raicht
Geoffrey T. Raicht

### Service List for Adversary Case 10-02872-LMI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case:

**Mark D Bloom** on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Scott M. Grossman** on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Sameer K Kapoor**, on behalf of Official Committee of Unsecured Creditors of Debtors
skapoor@kilpatrickstockton.com, tmeyers@kilpatrickstockton.com

## Manual Notice List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

NONE

DM_US 28014140-11.084080.0013