UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

BANKUNITED FINANCIAL
CORPORATION, *et al.*,

    Debtors.
_____/

BANKUNITED FINANCIAL
CORPORATION, BANKUNITED
FINANCIAL SERVICES, INC., CRE
AMERICA CORPORATION, and BU
REALTY CORPORATION,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as Receiver
of BankUnited, FSB,

    Defendant.
_____/

Case No. 09-19940-LMI

Chapter 11

Jointly Administered

Adv. No. 10-02872-LMI

**PLAINTIFFS' LIMITED RESPONSE TO MOTION OF THE
FEDERAL DEPOSIT INSURANCE CORPORATION TO RECONSIDER, AMEND
OR MODIFY PURSUANT TO FED. R. CIV. P. 59(e), 60(b) AND SECTION 105(a)
OF THE BANKRUPTCY CODE THE ORDER OF REFERRAL TO MEDIATION**

Plaintiffs, BankUnited Financial Corporation, BankUnited Financial Services, Inc., CRE America Corporation (collectively, the **"Debtors"**), and BU Realty Corporation (together with the Debtors, the **"Plaintiffs"**), file this Limited Response to the *Motion of the Federal Deposit Insurance Corporation to Reconsider, Amend or Modify Pursuant to Fed. R. Civ. P. 59(e), 60(b) and Section 105(a) of the Bankruptcy Code the Order of Referral to Mediation* (DE #122) (the **"FDIC Motion"**) filed by Defendant, Federal Deposit Insurance Corporation, in its capacity as Receiver of BankUnited, FSB (the **"FDIC-Receiver"**), and state as follows:

**Preliminary Statement**

1.      Having been the principal architects and proponents of a comprehensive settlement of the many issues with the FDIC-Receiver, the Debtors and their undersigned counsel deeply regret that the extensive negotiations toward that settlement appear unfortunately to have degenerated or detoured into a series of charges and counter-charges between the FDIC-Receiver and Official Committee of Unsecured Creditors (the **"Committee"**).[1]  These disputes threaten not only the Committee's future participation in the upcoming mediation, but even more importantly the dispute resolution process itself.

2.      It is not the Debtors' intent to respond individually or specifically to the allegations between the FDIC-Receiver and Committee.  Indeed, to do so can serve only to harden the positions of those parties, invite further divisiveness, and distract further attention from the important issues which the Debtors continue to believe should be resolved for the common benefit of the parties and their constituents through the upcoming mediation.  To their credit, counsel for both the FDIC-Receiver and Committee have responded cooperatively to the efforts of undersigned counsel to schedule and prepare for the mediation, and engaged in an initial, all-parties telephone conference with the mediator, Francis L. Carter, Esq., on the morning of Friday, April 15, 2011.

3.      Simply stated, the Debtors' position is as follows:  (a) unless and until the Court may see fit to reconsider and modify the Mediation Order the Committee may, at its election, appear at and participate fully in the mediation process; (b) that process should not be delayed by

---

[1] This Limited Response is intended to address both the FDIC Motion and the *Official Committee of Creditors' Corrected Objection to Motion of the Federal Deposit Insurance Corporation to Reconsider, Amend or Modify Pursuant to Fed. R. Civ. P. 59(e), 60(b) and Section 105(a) of the Bankruptcy Code the Order of Referral to Mediation* filed on April 15, 2011.  (DE #125).

2

the Court's deliberation over the FDIC Motion[2]; and (c) the mediator has been made aware – more fully than the Debtors believe is appropriate to involve the Court – of the dynamics between and among the parties, and should be entrusted with responsibility to manage the process as he believes best calculated to achieve a settlement.  Consistent with that position, undersigned counsel has consulted with the parties and the mediator to schedule the initial mediation sessions for May 2 (confirmed) and May 3 (tentative, if necessary), 2011 at the Miami offices of Debtors' counsel, after confirming that these dates are open and convenient for all counsel and their client representatives.

## Limited Response

5. As the FDIC Motion points out, there are indeed two sides of every coin.  While Debtors do not accept the FDIC-Receiver's description of events in toto, Debtors agree that the insurmountable obstacles to settlement thus far have arisen primarily due to perceived differences in approach and style taken by the FDIC-Receiver and the Committee.  Undersigned counsel for the Plaintiffs has attempted to resolve those differences in a series of discussions with representatives of the FDIC-Receiver and the Committee, and regrets that he has not been successful to date in repairing the relationship.

6. It is the Debtors' view that to elaborate more fully on those differences in this Limited Response – or any other public filing – would serve only to invite greater judicial knowledge of and involvement in the settlement process than the Court is likely to find helpful or appropriate.  It needs be said, however, that in issuing its oral report to the Court on the record at the Status Conference of February 24, 2011, the Debtors sought (with the approval of counsel for both the FDIC-Receiver and the Committee) merely to identify the issues and controversies

---

[2] Indeed the mediation remains very much on track, with all three parties having agreed to the mediator's request for submission of their confidential mediation statements by Friday, April 22, 2011.

within the scope of the settlement discussions, describe the interrelationship of those matters, and aid the Court in understanding which of the many elements of this pending adversary proceeding, the FDIC Tax Stay Relief Motion[3] and the Eleventh Circuit Appeal[4] would be resolved or left open depending upon the outcome of the settlement discussions.  Most certainly, the Debtors did not intend for that limited glimpse into the structure of those discussions to serve as the launching point for the more detailed accusations of bad faith and ethical violations that unfortunately have followed.

7.  The Debtors are less than comfortable with any public disclosure amounting to a play-by-play description of the confidential communications between and among the parties over the course of settlement discussions to date, and believe that the court filings by the Committee and FDIC-Receiver since the Debtor's request for the Mediation Order on March 31 serve only to distract from the important business at hand.  That said, the Debtors do not believe that any of the filings by any of the parties have violated Federal Rule of Evidence 408, nor for that matter any other governing rule or principle of professional ethics.  Indeed, while difficult and frustrating at times the settlement negotiations were generally conducted in a cordial and professional manner, and the breakdown that occurred shortly before the March 31 report date was unforeseen by the Debtors.

8.  Notwithstanding that setback, the resulting spate of recent court filings and the negativism those filings reflect, the Debtors remain hopeful that all three of the parties are willing to approach the mediation in good faith and exercise sound and responsible judgment in addressing the critical issues that remain for resolution.  The Debtors' primary goal remains to

---

[3] *Amended Motion of the Federal Deposit Insurance Corporation for an Order Confirming that the Automatic Stay Does Not Apply to the Exercise of Certain Tax Rights or, in the Alternative, for an Order Granting Relief from the Automatic Stay* (Main Case DE #683).

[4] *BankUnited Financial Corporation, et al. v. FDIC*, Appeal No. 10-14424-HH.

achieve a multi-faceted settlement – hopefully with the support of the Committee[5] – that the Court will approve under the governing standards of Federal Rule of Bankruptcy Procedure 9019.

9. Recognizing that the difficulty in resolving those complicated issues may be compounded by differences in style, manner, attitude or approach between and among the designated representatives of the parties, the Debtors proposed a strong and experienced mediator with the requisite skills to manage the process effectively. The pre-mediation process with Mr. Carter has already begun, and again all parties have conducted themselves responsibly and in a professional manner.[6] While it certainly remains within the authority of the Court to reconsider, modify or even rescind the Mediation Order, the Debtors believe that the best course of action is to leave it to Mr. Carter to manage the mediation process as he deems best-suited to achieve the constructive objectives outlined by the Debtors.

---

[5] The interests of the Debtors and Committee remain aligned with respect to each and every issue within the scope of settlement discussions as described to the Court at the Status Conference, and the Debtors continue to coordinate their efforts with the Committee and its professionals.

[6] The FDIC-Receiver, of course, has participated in that process without prejudice to the position asserted in the FDIC Motion to which this Limited Response is directed.

Dated April 18, 2011.                    Respectfully submitted,

                                                    GREENBERG TRAURIG, P.A.
Counsel for Plaintiffs
333 Avenue of the Americas
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ Mark D. Bloom
    MARK D. BLOOM
    Florida Bar No. 303836
    bloomm@gtlaw.com

   - and –

SCOTT M. GROSSMAN
Florida Bar No. 0176702
grossmansm@gtlaw.com
GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties identified on the Service List below who are authorized to receive electronically Notices of Electronic Filing in this adversary proceeding, and by first class U.S. Mail, postage prepaid, on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing in this adversary proceeding..

                                                   /s/ Mark D. Bloom
                                                  MARK D. BLOOM

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this adversary proceeding:

Mark D. Bloom on behalf of Plaintiff BU Realty Corporation
bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com;reisinoa@gtlaw.com

John R. Dodd on behalf of Plaintiff BankUnited Financial Corporation
doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

Scott M. Grossman on behalf of Plaintiff BU Realty Corporation
grossmansm@gtlaw.com, jacksont@gtlaw.com; MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Todd C Meyers on behalf of Intervenor Official Committee of Unsecured Creditors of BankUnited Financial Corporation and Related Debtors
tmeyers@kilpatrickstockton.com, rrahman@kilpatrickstockton.com;lcanty@kilpatrickstockton.com

Geoffrey T Raicht on behalf of Defendant Federal Deposit Insurance Corporation, in its capacity as Receiver of BankUnited, FSB
graicht@mwe.com, rrodriguez@mwe.com; nhazan@mwe.com; kotero@mwe.com; wjanke@mwe.com;akratenstein@mwe.com;trodriguez@mwe.com

**Manual Notice List:**
Francis L. Carter, Esq.
Katz Barron Squitero Faust, P.A.
2699 S. Bayshore Drive, Seventh Floor
Miami, Florida 33133-5408

*MIA 181,828,817v1 4-12-11*